Per Curiam.
This court has repeatedly held that the statute authorizing clerks of the inferior courts to issue writs of error is imperative in its requisitions that there shall be two or more sureties on the bond. A bond with only one surety is an invalid bond under the statute. The clerk of the court below had no power to receive it, or issue the supersedeas upon it; and the supersedeas accordingly must be discharged.
It is a different question, however, as to the writ of error. No bond is necessary to entitle any party defendant to the mere writ of error, without supersedeas. The clerk must issue the writ of error on application, though no bond be offered; but in such case it does not operate as a supersedeas. The supersedeas must be discharged, but the writ of error retained.
As to the application for time to perfect the bond or execute a new bond in, that must be the subject of another motion. This supersedeas must be discharged, because improperly grant» ed. Time is never allowed to perfect that which issued without authority. The court cannot retain a supersedeas which ought never to have been granted. Where the sureties on a lawful bond are held insufficient in point of solvency, And the superse-deas was in its origin properly granted, time is allowed to perfect the security, and the supersedeas retained for that end for the time limited.. But where there is no bond the court has no power to retain the supersedeas.