GEORGE W. CLEMENTS v. DANIEL F. BROWN, use, &c.

1. STATUTE OF LIMITATIONS: FOREIGN JUDGMENTS.—Seven years from the date of a foreign judgment is the time limited by the Act of 1846, in which suit may be instituted on it in this State.

2. SAME.—The limitation of an action on a foreign judgment commences to run from the date of such judgment, and not from the time when the defendant comes within the jurisdiction of the laws of this State. See *Maitland et al.* v. *Keeth*, 30 Miss. R. 499.

IN error from the Circuit Court of Noxuba county. Hon. John Watts, judge.

*Jarnagin* and *Rives*, for plaintiff in error.

*Welsh* and *Beauchamp*, for defendant in error.

HANDY, J., delivered the opinion of the court.

This was an action founded upon a judgment against the plaintiff in error, rendered in the State of Alabama, on the 28th April, 1846.

The defendant pleaded, 1st. The Statute of Limitations of six years, to which the plaintiff demurred. 2d. The Statute of Limitation of seven years, to which the plaintiff replied, that at the date of the rendition of the judgment, the defendant was a citizen of the State of Alabama, and so continued, and was never within the jurisdiction of the laws of this State, until the 14th February, 1853; and to this replication the defendant filed a demurrer, which was overruled, and judgment rendered for the plaintiff.

The first plea is founded on the 14th section of the Statute of Limitations of 1844, prescribing six years as the time within which actions on foreign judgments must be brought. But the first clause of the statute of March 3d, 1846, extends the time for bringing actions on such judgments, to seven years, by adopting as the rule applicable to such judgments, the period of limitation fixed by the 8th section of the Act of 1844. The necessary effect of this provision of the Act of 1846 was, to repeal the provision of the 14th section of the Act of 1844, fixing the limitation of such actions at six years.

The demurrer to the replication to the second plea, presents the question, whether the 11th section of the Act of 1844, excepting from the period of limitation, the time for which the defendant may be "*out of the State,*" at or after the time the cause of action accrued, is applicable to cases where the defendant has never been a citizen or resident of this State? This question was decided at the last term, in the case of *Maitland, Kennedy & Co.* v. *Keith,* in which it was held, that the savings of the statute did not apply to such cases, and that the limitation commenced running from the date of the judgment, and continued to run.

Under this rule the plea was a bar to the action, and the demurrer to the replication should have been sustained, and judgment rendered thereon for the defendant below.

Judgment reversed, and judgment on the demurrer for the plaintiff in error.