R. S. HUDSON, EXECUTOR, ET AL. *v.* ELLA GRAY.

1. APPEAL. *By executor. When bond not required.*
   Under sect. 2334 of the Code of 1880, an executor may appeal from a decree against him in his fiduciary capacity solely, without giving any bond.

2. SAME. *By executor and others. Executor as surety on appeal-bond.*
   If an appeal be taken by an executor and several others jointly, in a case where the executor might appeal without any appeal-bond, he cannot become a surety on the bond of the other appellants; but if he signs the same he is regarded as a principal, and unless such bond have two other sureties, the number required by the statutes, it is defective.

MOTION in Supreme Court.

The appellee moved to dismiss the appeal in this case on the ground that the paper in the record purporting to be an appeal-bond is not signed by the number of sureties required by the statute.

*T. J. O'Neill*, for the motion.

I submit that R. S. Hudson, being an appellant, cannot become a surety for the other appellants.

The requirements of the statute must be met in all appeals to this court. It is by virtue of the statute that the right of appeal exists. *Bridges* v. *Supervisors*, 57 Miss. 254.

*T. J. O'Neill* also argued the case orally.

*T. C. Catchings, contra.*

Hudson claims the right, under sect. 2334, Code of 1880, to appeal without giving bond.

*T. C. Catchings* also made an oral argument.

Chalmers, C. J., delivered the opinion of the court.

The executor and a portion of the heirs of an estate prayed an appeal from a decree directing a partition of the lands of the decedent. A bond was executed by two of the appellants only. This was sufficient; since, though all appellants must join in an appeal, one or more may execute the bond. The bond, however, was defective in having one proper surety only, the other person signing as surety being the executor, who, as before stated, was one of the appellants. If the executor in this case had appealed alone, no bond would have been required of him, under sect. 2334 of the Code of 1880, since he was a party to the partition proceedings solely in his fiduciary character, having no personal interest to be affected by the decree ; this case differing in this respect from the case between the same parties *ante,* p. 589.

But by uniting in the petition for appeal he has made himself an appellant, and therefore a principal ; and, while not himself required to give bond, he cannot make himself a surety for those with whom he has already become a co-appellant. The appellee is entitled to the indemnity of two sureties in addition to the liability which the law affixes to all who are appellants.

The bond may be amended within eight days by the addition of another surety. Code 1880, sect. 1407.