DUNN v. DUNN.

(Division A. Jan. 13, 1930.)

[125 So. 562. No. 28312.]

**Jas. F. Noble,** of Brookhaven, for appellant.

**Cook, J.,** delivered the opinion of the court.

This is an appeal from a decree of the chancery court of Lincoln county, dismissing a bill of complaint in which appellant sought a divorce from his wife, Georgia Dunn, on the ground of willful, continued, and obstinate desertion for a space of two years.

The bill of complaint charged that the appellant was married to the defendant, Georgia Dunn, in October, 1902; that during the month of November, 1906, without any cause or justification for so doing the said defendant deserted the appellant; and that such desertion had been willful, continued, and obstinate since that date. The defendant, Georgia Dunn, did not appear or defend the suit, but the record recites that "it is agreed by and between counsel for complainant and counsel for Mrs. Julia Dunn that Mrs. Julia Dunn may intervene and defend this suit without the necessity of filing pleadings." No point is made upon the right of this third party to intervene and defend the suit, or the right to defend without the necessity of filing pleadings, or upon the nature of the defense interposed, if, in fact, any defense was interposed, by this third party; but under the conclusion we have reached, these matters are of no importance.

The appellant, complainant in the court below, testified that he was married to the defendant, Georgia Dunn, in November, 1902, and lived with her until 1905 or 1906, when she deserted him; that about one year thereafter he saw her one time; and that she was then living with another man. He further testified that a little over a year after defendant deserted him and he learned that she was living with another man to whom she was alleged to be married, he married Julia Turner and lived with her as his wife for eighteen years and then separated from her; and that to this second purported marriage there was born a daughter who is now eighteen years old, married, and the mother of two children. When these facts were developed by the testimony offered on behalf of the appellant, the chancellor declined to proceed further on the bill of complaint, and entered a decree dismissing the bill; and from this decree, this appeal was prosecuted.

The doctrine of recrimination, or the right to plead the equal guilt of the complainant as a defense in bar

of his right to a divorce, seems to be fully established in this country, and is recognized in the decisions of this court. In the case of Banks v. Banks, 118 Miss. 783, 79 So. 841, the doctrine was expressly recognized, but it was there held that the recriminatory charge against the defendant must be established by the same character and degree of proof that would be necessary to grant a divorce if the complainant were the complaining party. Except in those jurisdictions where the statute forbids the granting of a divorce where it appears that the complainant has been guilty of certain matrimonial offenses, the general rule likewise seems to be that any recriminatory charge, to be available as a defense, must be specially pleaded or set up in the answer. 9 R. C. L., par. 184, and authorities there cited. To this latter rule, however, there is a well-recognized exception that the court may, of its own motion, deny relief and dismiss the suit where the guilt of the complainant appears from his own admissions or the proof offered to establish his right to a divorce. 9 R. C. L., par. 185, and authorities there cited; Tracey v. Tracey (N. J. Err. & App.), 43 A. 713.

In the case at bar, the appellant admitted that he contracted a second marriage and cohabited with his second wife for a number of years, knowing all the while that his first wife was alive, and that the bonds of matrimony between her and himself had not been dissolved by divorce; but he contends that the principle of recrimination is not available to defeat his right to a divorce, for the reason that he, in good faith, believed that he had the legal right to contract a second marriage. At the trial of the cause, he offered to show that he was advised by friends and neighbors that he had the legal right to contract the second marriage after the defendant, Georgia Dunn, deserted him and went away with another man; and he was permitted to testify that he believed his second marriage to be valid until he was advised of its invalidity a few months before he filed

the bill of complaint in this cause. The proof offered to show good faith discloses no mistake of fact, but merely mistake of law, and consequently is not available as justification for his matrimonial offense. Peirce v. Peirce, 160 Mass. 216, 35 N. E. 462; Clapp v. Clapp, 97 Mass. 531.

The decree of the court below will therefore be affirmed.

Affirmed.