HEMPHILL *v.* HEMPHILL.

(In Banc.   Dec. 22, 1944.)

[20 So. (2d) 79.   No. 35747.]

Jackson, Young & Phillips, of Jackson, and **F. A. Anderson, Jr.**, of Gloster, for appellant.

786

J. T. Lowrey, of Gloster, for appellee.

788

**Alexander, J.**, delivered the opinion of the court.

Appellee brought suit for divorce, and by amendment prayed for establishment of certain property rights, including title to the homestead and settlement of personal property interests. No point was made upon the procedure as being irregular, but the entire matter was heard by the chancellor upon the amended bill and answer, by agreement of counsel.

The bill charged habitual drunkenness and cruel and inhuman treatment, and we are not able to say the learned chancellor was not justified in finding that the charges were sustained by the testimony, and the decree for divorce is affirmed.

The amended bill alleges, and the evidence shows, that on November 11, 1942, appellant voluntarily executed to appellee the following deed to the homestead property, properly acknowledged:

"State of Mississippi

"County of Amite

"For and in consideration of the sum of one dollar ($1.00) cash in hand paid, the receipt of which is hereby acknowledged, I hereby sell, convey, release, remise and forever quitclaim unto Rena Hemphill, my entire right, title and interest in and to the land described as follows, to wit:

"Lot No. 9, and 10 feet off the North part of Lot No. 8, and 10 feet off South part of Lot 10, in Block No. 17 in the town of Gloster, the property herein conveyed being situated between the former W. Y. Webb and T. J. Wilkinson properties in said town of Gloster, and being the same property acquired by purchase from Mrs. Rita Kid-

well on October 7, 1937, as per deed recorded in Book 77, page 387 of the Conveyance Records of Amite County, Mississippi. Said property is situated in the town of Gloster, Amite County, Mississippi.

"Witness my signature, this the 11th day of November, 1942.

"(Signed)    B. B. Hemphill
"B. B. Hemphill"

At the time of execution of the deed, the following "agreement" was signed, acknowledged and delivered. to appellee by appellant:

"State of Mississippi

"County of Amite

"Know All Men by These Presents: That the undersigned, B. B. Hemphill of Gloster, Amite County, Mississippi, has this day executed to his wife, Rena Hemphill, a quitclaim deed for his interest in their home situated in the town of Gloster, Mississippi, and fully described in said quitclaim deed.

"The reason for executing said quitclaim deed is that his said wife, Rena Hemphill, left home on account of the drinking habits of the undersigned and has now returned home to live with him, on condition of the execution of said quit-claim deed and the execution of this agreement.

"It is hereby agreed and stipulated that the undersigned will totally cease from drinking and becoming intoxicated and that he has agreed to reform his habits in that respect entirely and not be overcome with drink any more; and that should he break the provisions of this agreement and become drunk or intoxicated after the signing hereof, that his wife, Rena Hemphill shall immediately call a police officer or sheriff to their home and if such officer shall pronounce the undersigned drunk or intoxicated and shall so state in writing over his signature, then in such event the undersigned B. B. Hemphill agrees to vacate the premises and surrender the same to his said wife free of all claims thereto and free of all right to live therein with or without her and to move

away therefrom immediately, thereby vesting full possession of said property in his said wife.

"Witness my signature, this the 11th day of November, 1942.

"(Signed)      B. B. Hemphill
"B. B. Hemphill"

Since the deed on its face is valid as between these parties, regardless of the motive or consideration for its execution, Burnett v Smith, 93 Miss. 566, 47 So. 117, it is necessary to consider the accompanying agreement in order to appraise appellant's contention that both the consideration and the purpose therefor were against public policy and good morals, thus destroying its validity. We have examined the testimony and find that it is consistent with the letter of the "agreement" which relates solely to the appellant's right of continued occupancy. In this view, it is unnecessary to examine whether such an agreement would contravene public policy since the decree of divorce renders it unnecessary to consider either whether the unique condition therein was breached or whether the appellee could enforce this unilateral undertaking in the absence of the decree which confers all rights made conditional in the former. The decree, moreover, finds that the practices whose discontinuance was made a condition for the "agreement" had persisted, thereby establishing that appellee had foregone divorce despite ample grounds therefor, in a final though futile attempt to rehabilitate the home. That the present marriage relationship had been hopefully rebuilt with fragments of forgiveness and hope, salvaged from the wreckage of a prior divorce, impairs any argument that the deed was executed under circumstances that would invite in appellee a hope that its condition would be broken. Divorce was not the expressed forfeit for appellant's breach of the undertaking. A reunited home was the reward for compliance. There was no legal duty upon the wife to live with the husband who had given and was persisting in causes for divorce. It is in view of

such considerations that we find the authorities cited by appellant without point.

The learned chancellor decreed the title to the homestead in the appellee, as well as the right of possession, and awarded to her its accumulated and impounded rents therefrom received since the date of the conveyance. We affirm this award.

The decree adjudged title to certain personalty consisting of household furniture set forth in an Exhibit A in appellee, and similar property described in an Exhibit B in appellant. The appeal makes no serious attack upon these awards and they are affirmed.

Certain personalty detailed in an Exhibit C was found by the trial court to have been "purchased partially with funds of the Complainant and partially with funds of the Defendant and that the Complainant is entitled to a lien thereon for the purchase money paid on said property by her and the Defendant is entitled to a lien thereon for the purchase money paid by him on said property and that said liens have not been satisfied and are outstanding and that the described personal property should be sold for the payment of said liens thereon; and the proceeds of sale equally divided between them." A similar finding was included with respect to an automobile bought in the name of appellant As to the latter, there is no testimony to support any view as to its ownership other than in the appellant. Appellee testified that she made "payments from the time," although this is denied by appellant. Such obligation, if any, as this may create inter se is not one enforceable under such a decree. We are of the opinion that insofar as the decree requires a sale of the automobile to satisfy a lien for "money she has paid thereon," it is irregular and unauthorized, especially since it directs the proceeds of such sale arbitrarily to be equally divided. A sale would not under such circumstances constitute the enforcement of a lien for a definite and redeemable liability, but a mere partition of personalty, the title to which is not shown to be joint.

We revert finally to the personalty described in the Exhibit C. Assuming but not deciding that mutual liens do or could exist against each other, there is no warrant for a sale in which the proceeds are to be divided upon, an arbitrary basis of one half to each.

The decree of the court granting divorce and adjudging title and right of possession to the homestead in appellee, together with the impounded rent therefrom, is affirmed, as are the awards of personalty in Exhibit A to appellee, and in Exhibit B to appellant. As to all other awards of personalty or interests therein, the cause is reversed and remanded for such other proceedings, consistent with our views, as the parties or either of them may be advised.

Affirmed in part, reversed in part, and remanded.