HEMPHILL *v.* HEMPHILL.

(In Banc. Feb. 25, 1946.)

[24 So. (2d) 855. No. 36050.]

Clay B. Tucker, of Woodville, for appellant.

Fred A. Anderson, Jr., of Gloster, for appellee.

**Alexander, J.,** delivered the opinion of the court.

Mrs. Hemphill filed her bill against her husband and sureties upon his former supersedeas bond for an accounting of rents from her home. The suit is a sequel to former litigation between the same parties. 197 Miss. 783, 20 So. (2d) 79.

The former case affirmed a decree granting divorce to appellant and establishing her title to the home. It was remanded for reexamination of the respective rights as to certain personalty. The enforcement of this decree was stayed by the supersedeas bond, whereby the appellee was enabled to occupy part of the property and collect rents upon the remainder. The present bill is for an accounting for such rents due by the husband for his occupancy and for the amounts collected by him from other tenants during the pendency of the former appeal.

The trial court adjudged the rental due by the husband, and cast an account crediting him with expenses for repairs, utilities and maintenance. The testimony for either party was documented with proper receipts or vouchers, and we are unable to say that the chancellor

was without reason in resolving the mutual accounts, with a net credit in appellant's favor of $78.84.

The trial court exonerated the sureties from liability for mesne rents. We think this was error. The supersedeas bond which they executed was conditioned to "satisfy the decree complained of and also such final decree as may be made in the cause." It was by its stay of appellant's possession of the property that the husband was enabled to occupy same. Such occupancy, adjudged by the decree in the instant case to be of the value of $180, was made possible through the undertaking of the sureties. Had we adjudged such liability in the former case, it would be clear that the husband and the sureties would have been liable therefor. Such liability is made statutory in a case of ejectment involving a stay of possession by Code 1942, Section 1165. While the present suit is not in ejectment, and the supersedeas bond is in conformity with the general statute, Section 1163, it furnishes an analogy which brings into play the same considerations and holds the appellant and his sureties to a liability for the avails made possible by the supersedeas bond. Compare Seacord v. Morgan, *42 N. Y. 636, 640, 3 Keyes 636, 640, where it is stated: "The object of the undertaking is to procure an absolute stay of execution and of all proceedings on the judgment, and such is its effect. (Secs. 335, 339.) The motive for requiring the undertaking was to secure to the plaintiff the fruits of the recovery, in case it should be determined that the allegations of error were unfounded. As the plaintiff is, by the stay of execution, deprived of the immediate resort to the property of the judgment debtor, which the law would otherwise give him, and as his title to the amount adjudged in his favor is prima facie established, it was the policy of the law that he should have security to indemnify him against the possible contingency of the delay."

The decree is affirmed as to the amount found due, but decree will be entered here also against the sureties in such amount with interest and costs.

Affirmed in part, reversed in part and decree here.