## Oberlin *v.* Oberlin.

(In Banc.   Feb. 10, 1947.   Suggestion of Error Overruled March 31, 1947.)

[29 So. (2d) 82.   No. 36323.]

**Joseph E. Brown,** of Natchez, for appellant.

**Engle, Laub, Adams & Forman,** of Natchez, and **W. E. Gore,** of Jackson, for appellee.

**Alexander, J.**, delivered the opinion of the Court.

This an action for divorce brought by appellee. The defendant denied the allegation of desertion asserted as

ground for the action, and filed cross-bill praying for alimony and support, and for decree in the sum of $2,000 representing money loaned to the complainant. By way of recrimination, the defendant set up defensively the adultery of the complainant. In open court counsel for complainant stated: "We answer the cross-bill in short and deny the purpose of the mortgage given to Miss Autrey is ficticious but aver that it was given so as to get part of the money to settle with Mr. Oberlin's sister," to which counsel for defendant responded: "It is further stipulated between counsel for complainant and defendant that at this time the averments of the answer and cross-bill of cross-complainant are denied in short and cross-defendant is to have the right to later interpose a detailed answer thereto and further process upon cross-defendant is waived and he appears here by counsel." No answer to the cross-bill was ever filed.

The decree of the chancellor found the fact of desertion by the wife, granted the divorce and awarded to defendant $500 as counsel fees, and "the additional sum of $500 for herself, the said allowance of $1,000 to the said defendant and cross-complainant to be in lieu of an in full settlement of all claims for support or alimony, or otherwise, that she may have against the complainant and cross-defendant."

Appeal is taken by the wife assigning as error the decree for divorce and the denial of relief under her cross-bill. Cross-appeal by the husband alleges error in the money awards.

The record contains scant material from which to construct a finding of a wilful and obstinate desertion by the wife. The conduct of, and creation of living conditions by, the husband make it difficult to see the separation as wilful and continuous. She seldom knew his whereabouts. During a separation induced by business failure, he claims to have sent her money through the mails in cash. This she denied. Yet, it is not disputed that he sought to have her establish as a fact her dependence upon him, with a

view to a possible allowance by the government in the event he was drafted for military duty. He testified that although it was suggested by him that she return to her parents in Pittsburgh, she did not want to leave him.

We do not expand the discussion of the ground of desertion, nor further examine whether the proof justified the finding of the learned chancellor. Our attention is directed to plea of recrimination. The fact of the adultery of a complainant may be shown by proof or by admissions. Dunn v. Dunn, 156 Miss. 132, 125 So. 562; Armstrong v. Armstrong, 32 Miss. 279. There was no direct proof of the fact of unlawful cohabitation by the husband with a named co-respondent, except the inferences, difficult of avoidance, arising from his refusal to answer a direct question whether this was true. Yet complainant's feelings and consequent embarrassment were saved by his counsel at the expense of the following admission: "We make the objection about Miss Autrey living under the the same roof would be no subject here, it would be a criminal charge of habitual cohabitation. There is no dispute of the allegations of adultery in the cross bill." It was testified by complainant that this co-respondent worked at his store, and had loaned him $4,800. To the question whether she had recently become a mother, his counsel again interposed, to avoid further disclosures, by the following admission: "The question of Miss Autrey having a baby has nothing to do with this case we are not disputing that, that being taken as confessed. That is being taken as confessed."

We are of the opinion that the fact of adultery is thus sufficiently of record. Counsel for appellee seem to proceed upon such assumption, resting upon the contention that it is immaterial since the period of the wife's desertion had matured prior to the establishment of this illicit relationship.

The rationale of the doctrine of recrimination is not its defensive efficacy against a complainant's charge but searches at once the status of the complainant as a liti-

gant. The State, whose judicial servants administer its laws, is an interested party to the marriage contract, and one who comes into its courts complaining of a mote in the eye of his spouse must beware lest there appear a disfiguring beam in his own. His own hands must be clean. Banks v. Banks, 118 Miss. 783, 79 So. 841; Dunn v. Dunn, supra; Joy v. Miles, 190 Miss. 255, 199 So. 771; Chavez v. Chavez, 39 N. M. 480, 50 P. (2d) 264, annotated in 101 A. L. R. 635, 646; 17 Am. Jur., Divorce and Separation, Sec. 233, 236; 27 C. J. S., Divorce, Sec. 67, p. 623. Our conviction upon the soundness of this principle does not yield to appellee's insistence upon a liberal and practical view which would contemplate with tolerant eye the plight of one who in his quest for recaption of lost matrimonial dreams, had quitted the beaten paths of legal sanction, and had sought merely to assuage pangs of frustration with the consolatory tonic of forbidden fruits. We are constrained to set aside the decree of divorce.

The allowance of counsel fees is not disapproved. Appellant's prayer for refund of the amount of $2,000 loaned to the husband must be examined. The undisputed record facts are as follows: Shortly after their honeymoon, the husband moved to Toledo to open up a business and requested her to let him have money for such purpose. She drew $2,000 from her savings and sent it to him from Pittsburgh where she was living. Her testimony that this was a loan is not overcome by his testimony that, without her knowledge, he had put the business in her name and that she was, upon a few later occasions, in the store. There is no testimony that they were partners, nor that the money was a gift. She has a right to insist upon his obligation to repay this loan. Armstrong v. Armstrong, supra; Simmons v. Thomas, 43 Miss. 31, 5 Am. Rep. 470; Thoms v. Thoms, 45 Miss. 263; Kaufman v. Whitney, 50 Miss. 103. Compare Hemphill v. Hemphill, 197 Miss. 783, 20 So. (2d) 79; Id., Miss., 24 So. (2d) 855.

The decree for divorce will be set aside and decree here entered upon the cross bill for the sum of $2,000, and counsel fees in the sum of $500. Insofar as the award of an additional sum of $500 recognizes any liability upon the debt of the husband to the wife, it is superseded by our award of decree for the amount owed. To the extent that it represents an award of alimony or support, it is set aside, to be reexamined upon remand, if appellant be so advised, in the light of our findings here and the continuing marital obligation of appellee. The decree here in all other respects is, however, final.

Reversed, decree here for appellant and remanded.