510 So.2d 131 (1987)
Nelva Jean JORDAN
v.
William Franklin JORDAN.
No. 56811.
Supreme Court of Mississippi.
July 15, 1987.
*132 Johnnie E. Walls, Jr., Walls & Irving, Greenville, for appellant.
William T. Reed, Pascagoula, for appellee.
Before ROY NOBLE LEE, SULLIVAN and GRIFFIN, JJ.
ROY NOBLE LEE, Presiding Justice, for the court:
Nelva Jean Jordan has appealed from a judgment of the Chancery Court, Jackson County, Mississippi, granting William Franklin Jordan a divorce on the ground of uncondoned adultery and awarding alimony and support, which she contends to be inadequate. She assigns two errors in the trial below:
I. THE LOWER COURT ERRED IN GRANTING A DIVORCE TO THE APPELLEE ON THE GROUND OF ADULTERY IN THAT THE APPELLEE FAILED TO PROVE ADULTERY AND THAT ADMITTED ACTS OF ADULTERY HAD BEEN CONDONED BY APPELLEE.
II. THE LOWER COURT ERRED IN AWARDING APPELLANT A MEAGER SUM REPRESENTING LUMPSUM ALIMONY.
The parties were married June 2, 1968, in Coahoma, Mississippi. One child was born of the marriage, i.e., Chekesha Mai Jordan, whose date of birth is January 1, 1973. The parties separated July 18, 1984, in Gautier, Jackson County, Mississippi.

I.
Appellant contends that the Court erred in granting a divorce to appellee, that the appellee failed to prove adultery and that admitted acts of adultery had been condoned by appellee. We find it unnecessary to set out, or discuss, the evidence introduced by both parties relating to acts of adultery and cruelty on the part of the other. The chancellor found the following:
It leads the Court to conclude which one of you have been the worst, of the two, and weighing it out in my mind and considering and watching each of you throughout this trial, and the demeanor, and your expressions, and the stories that you've given, I find that probably the person that gave the most incredible explanations of what had happened and what occurred, and stories that certainly could not be unbelievable [sic] is Mrs. Jordan.
She complained about being in situations where  that she was in, particularly with this gentleman, Fred, who she had sexual intercourse with. She complained about him picking her up and taking her in the bedroom, and fondling her, and playing with her, and this, that, and the other, but not one time did she ever attempt to remove herself from that situation. She went there, knowing that when there was another couple that got up and went into another bedroom, what was coming down, with her intelligence, when she was left there with another man not her husband, and she did not leave. She didn't when that was over. She stayed. And the story about the contraceptives is incredible to me. Not only unbelievable, but even if that were the truth, I cannot believe that you would play these kind of games, particularly when it was obviously open and notorious that your marriage was corroding and eroding away, and that was no time to be playing games, by either or both... . The overall and prevailing grounds in this case in my judgment constrains me to award the divorce to Mr. Jordan on the grounds of adultery, uncondoned, against his wife.
Adultery may be shown by evidence or by admissions and either are sufficient to support a decree of divorce. Oberlin v. Oberlin, 201 Miss. 228, 232, 29 So.2d 82 (1947); Miller v. Miller, 173 Miss. 44, 159 So. 112, 115 (1935). We are of the opinion that the chancellor was not manifestly wrong in granting a divorce to appellee on the ground of adultery, and that the acts of adultery were uncondoned. Dillon *133 v. Dillon, 498 So.2d 328, 329-30 (Miss. 1986); Wood v. Wood, 495 So.2d 503, 505 (Miss. 1986).

II.
The lower court ordered appellee to pay unto appellant the sum of sixty dollars ($60.00) per week child support and sixty-five dollars ($65.00) per week temporary alimony, commencing the date of the judgment, which was entered April 19, 1985. Appellant then was awarded two hundred fifty dollars ($250.00) per month alimony for twenty-four (24) months payable on June 1, 1985, and in a like amount on the first day of each month thereafter. Appellant was granted the possession and use of the family's Mercedes automobile. The parties owned the home in the approximate value of two hundred thousand dollars ($200,000), which was in the process of foreclosure. The equity, if any, from the foreclosure, was to be divided equally between the parties. Apparently no disagreement has resulted from the custody arrangement of the child.
Appellant is a qualified school teacher and appellee is an attorney at law. Under the facts and circumstances of this case, we are unable to say that the chancellor abused his discretion in awarding alimony and that he was not manifestly wrong in so doing. Wood v. Wood, supra, at 506; Tutor v. Tutor, 494 So.2d 362, 364 (Miss. 1986) [quoting Brabham v. Brabham, 226 Miss. 165, 84 So.2d 147, 153 (1955)].
The judgment of the lower court is affirmed.
AFFIRMED.
WALKER, C.J., HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.