# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2012-CA-00950-SCT

*CITY OF BELZONI, MISSISSIPPI*

*v.*

*SHIRLEY JOHNSON*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/15/2012 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS |
| COURT FROM WHICH APPEALED: | HUMPHREYS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | STEPHANIE N. MORRIS |
| ATTORNEYS FOR APPELLEE: | S. CRAIG PANTER |
| | RONALD E. STUTZMAN, JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND RENDERED - 09/12/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., LAMAR AND PIERCE, JJ.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Shirley Johnson sued the City of Belzoni and two city employees for employment discrimination and sexual harassment. A Humphreys County jury rendered a verdict in Johnson's favor, resulting in monetary judgments against each of the three defendants, severally. The defendants appealed, and this Court affirmed the verdict. The City now appeals from the circuit court's order granting Johnson's motion to enforce the defendants' supersedeas bond against the City alone. Finding that the trial court erred in enforcing a

deficient supersedeas bond against the City to satisfy the judgments aginst the two codefendants, we reverse and render.

## FACTS & PROCEDURAL HISTORY

¶2.     Shirley Johnson began working as a patrol officer for the City of Belzoni in 2004, and she was the only female officer on the force at the time.  In 2006, Johnson filed suit against the City, Chief of Police Mickey Foxworth, and police officer David James, claiming she had been subjected to gender discrimination, including sexual harassment, in the workplace.[1] The three defendants were represented by the same attorney.[2]  At the conclusion of the trial, the jury returned a verdict in Johnson's favor, awarding her $50,000 against each of the three defendants, severally.  In addition, the trial court awarded attorney's fees and litigation expenses to Johnson, allocated equally among the defendants. On October 28, 2010, the trial court entered its final judgment of $213,734.88, ordering each defendant to pay $71,244.96 to Johnson.

¶3.     On November 18, 2010, the defendants submitted an "Appeal Bond to Supreme Court with Supersedeas" to the circuit clerk. The bond was submitted by "City of Belzoni, et al.,"

---

[1] Johnson sued the City under "Title VII," 42 U.S.C. § 2000e *et seq*., for creating a hostile work environment. *See **Burlington Indus., Inc. v. Ellerth***, 524 U.S. 724, 759, 118 S. Ct. 2257 (1998) (holding that, while sexual harassment generally is viewed as an act outside the scope of employment, an employer still can be held vicariously liable where its own negligence is the cause of the harassment).  Her claims against Foxworth and James, on the other hand, were brought under 42 U.S.C. § 1983. *See **E. Miss. State Hosp. v. Callens***, 892 So. 2d 800, 812 (Miss. 2004) (holding that state officials can be sued in their personal or individual capacities under Section 1983)).

[2] *See* Miss. Code Ann. § 25-1-47 (Rev. 2010) (authorizing municipalities to provide legal counsel for the defense of claims, whether civil or criminal, made against municipal employees as a result of the employee's actions while acting in the capacity of such employee).

and signed by Stephanie N. Morris, "Attorney for Appellants." The specific language of this supersedeas bond is the focus of the City's appeal. The bond states, in relevant part:

> KNOW ALL BY THIS BOND, that we, the City of Belzoni, as principal and as an Agency of the State of Mississippi, are held and firmly bound unto Plaintiff Shirley Johnson, or her administrators, executors, successors or assigns, in the total penal sum of $213,734.88, *payable by three severally* by the City of Belzoni, Mickey Foxworth and David James, for which payment to be made, *we bind ourselves, our successors and assigns, jointly and severally.*

(Emphasis added.) The circuit clerk approved the bond, and the defendants prosecuted their appeal with this Court. This Court affirmed the judgment in favor of Johnson on February 16, 2012. *See* **City of Belzoni v. Johnson**, 80 So. 3d 99, 102 (Miss. 2012).

¶4. Once this Court's decision was final, Johnson served a writ of garnishment on the City's bank and acquired payment for the City's one-third portion for the judgment. Johnson then moved the circuit court to enforce the rest of the judgment against the City. In her motion, Johnson claimed that, by posting the supersedeas bond, the City had bound itself to her for the *entire* judgment, not just the one-third originally allocated to it. In response, the City argued that the language of the bond merely reflected each defendant's obligation under the initial judgment, with each defendant remaining one-third liable. On May 16, 2012, the Humphreys County Circuit Court ruled that, pursuant to the language of the supersedeas bond, the City had bound itself to Johnson not only for its one-third of the judgment, but also for the two-thirds owed by the other two defendants. Accordingly, the court granted Johnson's motion to enforce the supersedeas bond against the City.

¶5. Aggrieved by the trial court's order, the City has appealed to this Court, raising the following issues:

3

I.    Whether the City of Belzoni is a surety under the laws of Mississippi.

II.   Whether the lower court erred in enforcing a deficient supersedeas bond.

III.  Whether an elected or appointed municipal official can bind a municipality to a contract not authorized by the Board of Alderman and not reflected in its minutes.

We limit our review to the first two issues only, finding them to be dispositive. Miss. R. App. P. 17(h).[3]

## STANDARD OF REVIEW

¶6.    A supersedeas bond is a contract. *See **Shoebridge v. Will C. Hartwell Realty & Ins. Co.***, 143 So. 2d 432, 434 (Miss. 1962) (holding that sureties are "bound by their contract" to stand liable for the principal). "Questions concerning the construction of contracts are questions of law that are committed to the court rather than questions of fact committed to the fact finder." ***Miss. St. Highway Comm'n. v. Patterson Enters. Ltd.***, 627 So. 2d 261, 263 (Miss. 1993) (citing ***Leach v. Tingle***, 586 So. 2d 799, 801 (Miss. 1991)). We therefore employ the *de novo* standard of review to the trial court's construction of the supersedeas bond.

## DISCUSSION

I.    **The City of Belzoni does not qualify as a surety under the Rules of Appellate Procedure.**

---

[3] Because the procedure employed by Johnson to enforce the supersedeas bond against the City governs actions only against sureties, we decline to address Johnson's arguments regarding the application of estoppel principles to nonsureties.

¶7. While a bond is not required to perfect an appeal, Mississippi law has long required unsuccessful litigants to post a bond to stay the judgment of the lower court during an appeal. "The law requiring security by bond for appeals with supersedeas rests upon the just principle that the successful litigant shall be saved harmless from loss, and secured in the fruits of his victory . . . . [T]he status quo [should] be maintained until a final decision is rendered in the cause." *Aetna Ins. Co. v. Robertson*, 127 Miss. 440, 90 So. 120 (1921). Currently, Rule 8 of the Mississippi Rules of Appellate Procedure governs the procedure by which an appellant can receive a stay of judgment while pursuing an appeal. The rule provides:

> The appellant shall be entitled to a stay of execution of a money judgment pending appeal if the appellant gives a supersedeas bond, payable to the opposite party, *with two or more sufficient resident sureties*, *or one or more guaranty or surety companies authorized to do business in this state*, in a penalty of 125 percent of the amount of the judgment appealed from, conditioned that the appellant will satisfy the judgment complained of and also such final judgment as may be made in the case.

Miss. R. App. P. 8(a) (emphasis added). A surety company must be incorporated or organized for the purpose of transacting business as surety on obligations of persons or corporations, (Miss. Code Ann. § 83-27-1 (Rev. 2011)), and must have at least $100,000 of its paid-up capital invested in solvent securities created under the laws of the United States or the state in which the company is incorporated. Miss. Code Ann. § 83-27-5 (Rev. 2011). A surety company also must present to the court satisfactory evidence of its compliance with the statutory requirements for surety companies. Miss. Code Ann. § 83-27-3 (Rev. 2011). The City does not meet these statutory requirements to qualify as a surety company.

5

Therefore, this Court must determine whether the City can be considered a "resident surety" under Rule 8.

¶8. Johnson contends that the City qualifies as a surety within the common meaning of the word. Black's Law Dictionary defines a surety as "a person who is primarily liable for the payment of another's debt or the performance of another's obligation." *Black's Law Dictionary* 1482 (8th ed. 2004). Applying this definition, Johnson argues that the City, Foxworth, and James bound themselves "jointly and severally" by the terms of the supersedeas bond, thereby acting as sureties for each other. In other words, Foxworth and James acted as sureties for the City; the City and Foxworth acted as sureties for James; and the City and James acted as sureties for Foxworth.

¶9. Our precedent does not support Johnson's contention that codefendants can act as sureties for each other's obligations on appeal, because a party cannot act as a surety. "[S]ureties are not parties to a cause of action . . . . [I]t is not necessary to summon them on appeal to the Supreme Court." *Shoebridge*, 143 So. 2d at 434 (citing *Wilson v. City of Lexington*, 119 So. 795 (Miss. 1928)). This Court has held that a principal in a lawsuit cannot act as surety for other principals on appeal. In *Hudson v. Gray*, 58 Miss. 591, 592 (1881), the executor of an estate and several of the estate's heirs appealed from a decree directing the partition of the decedent's property. This Court found that the appeal bond was defective because it included only one valid surety. *Id.* The executor had signed the bond as both an appellant *and* a surety. *Id.* This Court held that "by uniting in the petition for appeal he has made himself an appellant, and therefore a principal; while not required to give

6

bond,[4] he cannot make himself a surety for those with whom he has already become a co-appellant." *Id.* *See also* ***Jayne v. W.B. Nash Lumber Co***, 66 So. 813, 814 (Miss. 1914) ("[B]y executing this bond these parties have simply obtained a supersedeas of the judgment against them, so that, in truth and in fact, all of them are principals and the bond contains no real sureties.").

¶10.   Because the City is principally liable on the judgment, it could not act as a "resident surety" within the meaning of Rule 8.  Johnson has not presented to this Court any previous case in which this Court has allowed a party to a judgment to act as a surety on its own appeal of that judgment.  The trial court's initial judgment found the City, Foxworth, and James *severally* liable on the judgment, with each required to pay one-third of the total amount.  By pursuing an appeal with Foxworth and James, the City made itself a coappellant and cannot also act as a surety on their obligations.

¶11.   Johnson, citing ***Copeland v. Robertson***, 108 So. 2d 419 (Miss. 1959), argues that the City is legally prohibited from limiting its liability under the supersedeas bond to only a portion of the judgment. In ***Copeland***, the appellant appealed a $17,500 judgment and posted two supersedeas bonds. *Id.* at 420. The first was secured by a surety company "to the extent of $10,000 and no more;" the second was secured by two individual sureties "to the extent of $11,875 and no more." *Id.*  This Court held that the statute[5] governing supersedeas bonds

---

[4] If the executor had appealed on his own, he would have been statutorily exempted from posting a supersedeas bond, since he was a party to the proceeding solely in his fiduciary character. *Id.* (citing Miss. Code § 2334 (1880)).

[5] The requirements for a supersedeas bond were once governed by statute. *See* Miss. Code 1942, 1163.  As mentioned earlier, Rule 8 of the Rules of Appellate Procedure now governs these requirements.  A review of the prior statutes has revealed no material

"contemplates that the sureties will be jointly and severally liable for the entire amount [of the judgment]." *Id.* at 421. "In a suit on a supersedeas bond, the judgment will be entered against both individual sureties, jointly and severally, for the total amount of the judgment and costs." *Id.* (citing *Hemphill v. Hemphill*, 24 So. 2d 855 (Miss. 1946); *Williams v. Shavers*, 76 Miss. 838 (Miss. 1955)).

¶12.     The rule in *Copeland* certainly would be applicable here, *if* the City could be considered a surety on the bond. However, as previously stated, the City cannot be considered a surety within this Court's interpretation of the rules governing supersedeas bonds, because the City was already principally liable for a portion of the judgment. Accordingly, the rule in *Copeland* is not applicable to this case.

>      **II.     Because the City's supersedeas bond did not contain the required sureties, the circuit clerk lacked authority to accept it.**

¶13.     Johnson instituted this action by moving the circuit court to enforce the supersedeas bond against the City pursuant to Rule 65.1 of the Mississippi Rules of Civil Procedure. Rule 65.1, entitled "Security: Proceedings Against Sureties," provides:

> Whether these rules require or permit the giving of security by a party, and security is given in the form of a bond or stipulation or other undertaking *with one or more sureties*, each *surety* submits himself to the jurisdiction of the court and irrevocably appoints the clerk of the court as his agent upon whom any papers affecting the liability on the bond or undertaking may be served. His liability may be enforced on motion without the necessity of an independent action.

differences between the prior statutes and Rule 8.

8

Miss. R. Civ. P. 65.1 (emphasis added). The City argues that Johnson could not bring this motion against the City pursuant to Rule 65.1, because the rule provides the procedure to enforce bonds only against *sureties*.

¶14. This Court finds that the trial court was without authority to enforce the supersedeas bond against the city, a principal to the judgment, under Rule 65.1. As previously stated, the City could not be considered a valid surety under Rule 8. "This court has repeatedly held that the statute authorizing clerks of the inferior courts to issue writs of error is imperative in its requisitions that there shall be two or more sureties on the bond. A bond with only one surety is an invalid bond under the statute." **Baskin v. May**, 17 Miss. 373, 374 (Miss. Err. & App. 1848). Because the bond posted by the City did not include two valid sureties or a surety company, the circuit clerk did not have the authority to receive it or issue supersedeas upon it, and the circuit court had no authority to enforce it under Rule 65.1. *See id.*

¶15. Additionally, as Johnson has conceded, the City was not actually required to post a bond to stay the judgment and pursue its appeal. The City is exempted by statute and procedural rule from the requirement to file a supersedeas bond. Section 11-51-101(1) of the Mississippi Code provides:

> The state and any county or *municipality* of the state, and the officials representing the state, county or municipality, in any suit or action, and any state, county or municipal officer who is a party to any suit or action in his official character, in which suit or action the state, county or municipality is beneficially interested . . . shall be entitled to appeal from a judgment, decree, decision or order of any court or judge from which an appeal may be taken without prepayment of costs in the lower court; however, the cost of the preparation of the record of the proceedings in the trial court shall be prepaid. *In any such case, if a supersedeas is allowed and desired, a bond for supersedeas shall not be required.*

9

Miss. Code Ann. § 11-51-101(1) (Rev. 2012) (emphasis added). In addition, Rule 62(f) of the Mississippi Rules of Civil Procedure provides:

> When an appeal is taken by the State of Mississippi or an officer or agency thereof or by direction of any department of the government of same and the operation or enforcement of the judgment is stayed, *no bond, obligation, or other security shall be required of the appellant.*

Miss. R. Civ. P. 62(f) (emphasis added). The term "agency thereof" has been interpreted to include municipalities. *See* Miss. R. Civ. P. 62 cmt. (stating that Rule 62(f) tracks prior practice under Section 11-51-101); Miss. R. App. P. 8 cmt. (stating that, under Section 11-51-101, certain parties, including municipalities, are entitled to an automatic stay without posting bond or any action by the clerk of the trial court under Rule 8). *See also* **Picou v. City of Jackson**, 153 F. Supp. 2d 891 (S.D. Miss. 2001), *reversed on other grounds*, **Picou v. City of Jackson, Miss.**, 48 Fed. Appx. 102 (5th Cir. 2002) (holding that Rule 62(f) and Section 11-51-101 are not in conflict).

¶16. We find that, because the City was not required to file a supersedeas bond to stay the judgment against it during its initial appeal, nullifying the bond also will maintain the "status quo" of the initial judgment, one of the primary purposes of the supersedeas bond requirement. *See* **Aetna Ins. Co.**, 90 So. at 122. First, the filing of the bond had no effect on the City's ability to stay the judgment against it during its appeal. Johnson would have been unable to enforce her judgment against the City while the appeal was pending, even in the absence of the bond. Second, nullifying the bond will preserve each defendant's liability for separate offenses under the jury's verdict. Allowing Johnson to enforce the entire judgment against the City would force the City to pay an amount greater than the jury's

10

verdict against it, for a claim not brought against it, and it would absolve the other two defendants of their individual liability.

¶17.   In sum, we find that the circuit clerk did not have the power to approve the deficient supersedeas bond in this case; and thus, the trial court erred in enforcing the bond against the City as a surety pursuant to Rule 65.1.

## CONCLUSION

¶18.   By pursuing an appeal of the trial court's judgment, the City could not also act as a surety for the obligations of its coappellants.  Because the supersedeas bond posted by the defendants lacked any valid sureties, the circuit clerk did not have the power to approve it. The trial court erred in enforcing a deficient bond against the City, a principal, pursuant to a procedural rule that applies only to sureties.  Accordingly, we reverse and render the trial court's order granting Johnson's motion to enforce the supersedeas bond against the City alone.

¶19.   **REVERSED AND RENDERED.**

**DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.**

11