MILES *v.* MILES.

[71 South. 295.]

1. HABEAS CORPUS. *Custody of children. Jurisdiction.*

While as a general rule in a contest for the custody of children the law gives the preference to the father, yet the courts have always limited this general rule of the common law whenever it was found that the moral and physical welfare of the child demanded a mother's love and care.

2. HABEAS CORPUS. *Custody of children. Jurisdiction.*

Under the facts in this case the court had the power to award the custody of a nursing infant to the mother instead of the father and should have done so.

APPEAL from the chancery court of Lauderdale county. HON. SAM WHITMAN, Jr., Chancellor.

*Habeas corpus* by Alex P. Miles against his wife, Lula Miles, for the custody of their infant child. Judgment for petition and defendant appeals.

The facts are fully stated in the opinion of the court.

*S. M. Graham,* for appellant.

*F. K. Ethridge* and *Scott & Christian,* for appellee.

COOK, P. J., delivered the opinion of the court.

The appellant, Mrs. Lula Miles, filed a bill for divorce from her husband, Alex P. Miles. The chancellor denied the relief sought, and dismissed the bill. From this decree, no appeal was prosecuted.

After the divorce bill was dismissed the husband, Alex P. Miles, immediately instituted *habeas corpus* proceedings against his wife, Lula Miles, for the custody of their child, then about ten months of age. The chancellor heard the evidence, and entered judgment awarding the custody of the child to its father. From this judgment, the mother prosecutes this appeal.

To make clear the views of the chancellor, we here copy his statement made before he entered his judgment, viz:

"If the divorce and alimony suit had proceeded to a final hearing on the merits, and the testimony therein had been such as to convince me that the complainant was entitled to a divorce, then and in that event I would without hesitation have awarded the custody of the child to its mother. But my holding, from all the evidence in that case, was that the wife, without legal cause to do so, had left her husband in the state of Louisiana, where they both then had and now have their legal domicile, and since the hearing on *habeas corpus* involves only the question as to who is properly and legally entitled to the custody of the child, and since the court in such hearings sits not as a court of equity, and has no power or authority to retain jurisdiction of the cause or to alter or modify its decree, but that, the *habeas corpus* decree, when rendered, being final, the only thing the court can do is to make the award and make it permanent according to all the evidence in the case.

"If counsel can produce any authority holding that on *habeas corpus* hearing of this character the temporary custody of the child can be granted, jurisdiction of the cause retained, and such order afterwards altered or

modified, if deemed proper, then I shall be glad to hear the authorities, but I feel that no such authority can be produced, and that the award must be in its very nature final, for that, when a *habeas corpus* court has disposed of a particular matter before it and adjourns, it has no power to reconvene for the purpose of reopening such matter.

"The court finds from the competent evidence in this case that the father is entitled to the permanent custody of this child, but, if there was any authority vested in a *habeas corpus* court to make a temporary order that could afterwards be altered, the court would be glad to give the temporary custody of the child to its mother because of its tender years. But I do not believe that the mother in this case has the right without sufficient cause, as I see it from the evidence, to take even her infant child in Louisiana, and without the consent of its father, who also has the natural right to share its affection and companionship, bring it to this state, and retain its permanent custody separate from its father. Sam Whitman, Jr., Chancellor."

We construe this statement to mean that the chancellor was of the opinion that the chancery court of Lauderdale county was without jurisdiction to try the divorce case on its merits, and, having no jurisdiction to try the divorce case, there was nothing left for him to do but give the child to its father. The child was a nursing infant, and was in the custody of its mother. We have searched the record in vain for any evidence which could justify a belief that the mother was not a fit person to keep and care for the babe. Taking the evidence as a whole, we are convinced that the welfare of the child will be best promoted by giving it to its mother.

We do not believe the father, situated as he was, could give to the infant that care and attention which its tender age demanded. True, the law as it now stands gives the father the preference, but the courts have always limited this general rule of the common law whenever it was

found that the moral and physical welfare of the child demanded a mother's love and care.

The learned chancellor, we think, was in error about his power in the case. If his premises were sound, his conclusion was correct. We do not think his premises were sound.

Putting to one side the law of the domicile, the father in the present case invoked the jurisdiction of the courts of this state and got what he asked for, and we think he got more than he was entitled to. The decree below will be reversed, and the custody of the child will be awarded to its mother.

*Reversed.*