TODD *v.* TODD.

(In Banc. Feb. 12, 1945.)

[20 So. (2d) 827. No. 35764.]

Jeff Collins, of Laurel, for appellant.

Brief filed by **B. F. Carter**, of Laurel, for appellee, cannot be obtained.

Argued orally by **B. F. Carter**, for appellee.

**L. A. Smith, Sr., J.**, delivered the opinion of the court.

This is an appeal from the Chancery Court of the Second District of Jones County. The appellant here was a complainant below and filed his original bill of complaint for divorce against his wife on the ground of habitually cruel and inhuman treatment. The appellee, defendant and cross-complainant below, filed an answer denying the charges of cruelty, and in a cross-bill she prayed for custody of the two children of the parties in this lawsuit and separate maintenance for herself and them. On the trial of the case the court entered an order dismissing the original bill for divorce, holding that the allegations thereof were not sustained by the proof. The court granted the prayer of the cross-bill and awarded custody of the two children, James Haskel Todd and Aaron Todd, to the mother, the defendant and cross-complainant, and attorney's fee of $75; and also ordered the appellant to pay to her for the support of herself and the two children $100 per month, beginning on November 15, 1943, and to continue to be paid each month on the

same date thereafter until further orders of the court. The decree also taxed the complainant with all costs and granted a lien on certain lands described in the pleadings and decree belonging to the appellant, which was the homestead of the parties, to secure the payment of these awards, which was described by metes and bounds. The decree further ordered that, on default, the clerk should issue a special execution to the sheriff to advertise and sell said land, which decree also contained this provision: "And from the proceeds of such sale of said property said sheriff shall pay and satisfy all sums and amounts herein allowed, adjudged, awarded, and decreed, in default, and costs of said execution and the residue of said proceeds of sale to be impounded and held in trust by said sheriff to secure, and enforce the payment of, any future installments and amounts to become due under the terms and provisions of this decree." This decree was dated November 3, 1943.

On May 17, 1944, the appellant filed a petition to modify this decree, alleging it to be unreasonable for various causes assigned, and averring that his said home was at that time being advertised for sale by the sheriff under a writ of execution pursuant to said decree, and that same would be sold on June 5, 1944. He also alleged a change in the situation as to his ability to pay, due to the awarding of the custody of the two boys to the mother and thereby depriving him of their help on the farm. In this petition appellant prayed for a modification of the decree as to the alimony, for an injunction against the sale of the land, and for a cancellation of the lien on the land.

The petition for modification was heard before the chancellor, in vacation, in chambers, at which time and place the chancellor entered a decree on the petition modifying the amount of the award of alimony by reducing the same to $40 a month. The injunction was denied, as was the cancellation of the lien fixed on the land. The decree also reaffixed and reattached the lien on the land, and entered an identical order for a special writ of exe-

cution as in the former decree,—in fact, the only difference in the two decrees was the modification by reduction from $100 a month to $40 a month in the award for separate maintenance of the wife and children.

No appeal was taken from either of these decrees.

Default having been made in the payment of all the awards, execution was issued to the sheriff on May 13, 1944, which, among other things, contained the following specific instructions: ". . . you cause to be made the sum of $100.00 per month, beginning on November 15th, 1943, amounting in the aggregate to the sum of $600.00 up to and inclusive of April 15th, 1944, and a payment of $100.00 to become due on May 15, 1944, and the further sums of $100.00 per month each to become due and payable on the 15th day of each and every month thereafter continuously and consecutively, until changed by further order of said Court, and solicitor's fee of $75.00, to be paid November 3, 1943, adjudged and decreed against said J. D. S. Todd, complainant and cross-defendant, to and in favor of Mrs. Lula Agnes Todd, defendant and cross-complainant in said cause, by the Chancery Court of the Second Judicial District of Jones County, Mississippi, at the October term, A. D., 1943, thereof, on the 3rd day of November, 1943; also interest at the rate of six per centum on said sums until you shall make said money, and costs to the amount of $66.40, as taxed, and costs to accrue under this execution, to be taxed by you; and have said monies before the Chancery Court of the Second Judicial District of Jones County, Mississippi, on the first Monday of August, 1944, and have there then this writ." The execution further directed the sheriff to advertise and sell such described real property, and to pay and satisfy the amounts awarded in said decree, and all court costs, and from the proceeds of such sale to pay and satisfy said amounts so awarded in said decree, and all court costs, in default, and which said sums and amounts, and court costs, were all in default up to the time of the writ of execution, and all court costs to accrue under said exe-

cution. The writ of execution contained this further direction: "And the residue of said proceeds of said sale to be impounded and held in trust by you, to secure, and enforce the payment of any future installments and amounts to become due under the terms and provisions of said decree."

On June 1, 1944, the complainant below, and appellant here, filed a petition or a bill of review for error apparent, in which petition he set out a description of the pleadings in the original action between him and his wife, the opinion of the court, and decree therein, and made copies of them exhibits to his bill, and repeated, in some measure, the allegations as to the facts of the original case, and averred: "The court found that the husband had no income, had no property except his home, on which he was living, and that he was a hopeless cripple, and not able to earn anything, while the wife was earning about $28.00 per week at a permanent job, yet the Court decreed that a lien be fixed and in the decree fixed a lien upon all the property he had in the world, to-wit, about 80 acres of land, his home, and provided for the sale thereof to pay said allowance for the wife's separate maintenance and children's separate maintenance of $100.00 per month. This is to deprive him of his fee in the land and his home and takes no consideration for his own support and maintenance, which is unjust, and is clearly error on its face, and error apparent. It depletes his estate and robs him of everything, which is clearly error apparent on the face of the record." It is also further alleged: "The Decree further provides that the said lands shall be sold, and these payments be made, and then does not stop there; but provides that if there is any over, the said sum may be pounded (sic) and wait for other payments to become due, and pay them, so that Complainant, being helpless and hopeless, is placed out as a beggar by this decree, which is clearly error apparent."

The said petition further charged that the proposed sale under execution would be void in that there had been

no adjudication by any court of how much was due under said decree and that the execution was, therefore, void, and also because execution was levied on complainant's property to satisfy the amounts to be paid in the future, "and the clerk had no right to issue the execution until the court had adjudged how much was due thereunder, so that the amount of property sold might be known at the sale, and no more than is necessary be sold at the said sale, and certainly a man cannot be robbed of his home to lay up money not yet due, and in case of the death of either party to the suit, the heirs would be deprived of their inheritance."

The bill prayed that the decree be revised and set aside and a new hearing granted, and for process; and that the sheriff be required to show cause why "he should not be restricted (sic) from making said sale under said 'void procedure, and that the court on final hearing enjoin said sale, and give a new hearing."

To this petition the appellee, Mrs. Todd, filed an answer denying the allegation of the petition, and also a plea of res adjudicata and a demurrer. As the final decree on the petition to review was entered on the demurrer, we think it only necessary to consider that feature of the case here.

The grounds of the demurrer were that there is "no equity on the face of said bill; that said complainant does not even offer to do equity; and that no sufficient grounds are shown to entitle him to a review of said cause; that complainant is seeking the exercise of appellate jurisprudence in the same Court that rendered the original decree."

This demurrer was sustained by the chancery court, and the plea for review for error apparent was dismissed, and from the decree to that effect, the cause was appealed to this Court without supersedeas.

Our purpose in setting out at length the foregoing references to the record is for the purpose only of presenting a clear picture of the situation, and not for the purpose

of adopting the same as adjudication except as hereinafter specifically done.

Quite a number of arguments are made in the brief as to various parts of the record in the case, but we will discuss only the phases of the case affected by the law as embraced in what is said post, and reached by the demurrer. The first matter to determine is, whether the judgment is void or merely erroneous. This case was tried by a court of competent jurisdiction, having jurisdiction of the subject matter and of the parties. The decree, therefore, under no consideration of this case can be deemed to be void. This court, in McIntosh v. Munson Road Machinery Co., 167 Miss. 546, 145 So. 731, held that where a court has jurisdiction of the subject matter and of the parties, and renders a judgment at a term of court, that said decree was not void, stating that the attention of the court had never been called to a single case in which such a judgment had ever been condemned as absolutely void. The rule is as follows: ''Where a court has jurisdiction over the person and the subject matter, no error in the exercise of such jurisdiction can make the judgment void, and that a judgment rendered by a court of competent jurisdiction is not void merely because there are irregularities or errors of law in connection therewith. This is true even if a fundamental error of law appears upon the face of the record. Such a judgment is, under proper circumstances, voidable, but until avoided is regarded as valid.'' 31 Am. Jur., sec. 401, p. 66.

It will be noted that the decree provides for attorney's fee to be payable at some time in the future, and, obviously, continued and deferred installments of alimony would involve future payments. It will also be noted that a lien was fixed on his land to secure the payment of all awards, and that on default in any payment the clerk was directed to issue a special execution to the sheriff, to be levied on the real property described in the record, which was the home of the appellant and all the land he owned, and the same sold, and that out of the proceeds

of the sale, the sheriff was directed to pay all awards in arrears, court costs accrued, and to accrue on said execution, that "the residue of said proceeds of sale to be impounded and held in trust by said sheriff to secure, and enforce the payment of, any future installments and amounts to become due under the terms and provision of this decree."

The nearest approach to a precedent in this state applicable to the record here is Harris v. Worsham, 164 Miss. 74, 143 So. 851, 852, where this Court held "that portion of the decree providing for the future maintenance of the appellant by her former husband by directing him to pay her a stipulated amount thereafter in monthly installments creates not a present debt due her by her husband, and each installment of the alimony comes within that category when, but not until, default is made in the payment thereof. Therefore, in the very nature of things, a lien therefor cannot arise, under the statute, if at all, as to which we express no opinion until the fact comes into existence."

As far back as the case of James v. Fiske et al., 9 Smedes & M. 144, 47 Am. Rep. 111, our Court considered the matter of deferred payments in a suit to foreclose a mortgage, and said that where only a part of the debt is due, it is error to decree a sale of the entire mortgaged property, when divisible, to pay the installment due, and direct the residue of the proceeds of the sale to be paid into court, to be appropriated to the payment of the other notes as they become due; and that the decree in such suit should order only so much of the property sold as would pay the mortgage debt actually due, at the time of rendering the decree, provided the property is capable of division.

In volume 17 of American Jurisprudence, sec. 637, p. 487, in the chapter on Divorce and Separation, the rule is announced as follows: "There is no more reason for entering a judgment for the whole amount in a suit on a bond securing the payment of alimony where default

occurs in the payment of one or more installments than there is for entering judgment for the full amount of rent upon a lease for years when default occurs in the payment of a month's rent.''

The point is made in the brief of appellant that the decree is defective because it directs execution on a judgment in which no adjudication was made by the court of the amounts in default, but the amount named in the execution was based merely on a calculation by the clerk of the court when he issued the execution to the sheriff, and cites Griffith, Miss. Chan. Prac., secs. 625, 626, to the effect that the decree ''should be complete within itself —containing no extraneous references, and leaving open no matter or description or designation out of which contention may arise as to the meaning. Nor should a final decree leave open any judicial question to be determined by others, whether those others be the parties or be the officers charged with the execution of the decree, and even as to matters solely affecting the execution, if their nature be such as is likely to eventuate in dispute, reservations for further directions should be made if impossible safely to do otherwise.''

We, therefore, in view of the various authorities cited supra, conclude that the judgment is not void, but is erroneous, and that the portion thereof directing the impounding of the excess receipts from the sale of the land, being the amount over what is required to pay the due installments in arrears, was beyond the power of the court, and, therefore, is error apparent on the face of the decree and of the record.

The writ of execution, in our judgment, wherein it directs a sale of the land to make the money necessary to pay installments not due, and that directing that the excess over-installments due be impounded and retained by the sheriff as a trust fund out of which to provide payment of future installments, while in accordance with the decree, is, in our opinion, not sanctioned by the law; and

since we have held the apposite part of the decree was beyond the power of the court, the question then arises as to whether or not the bill of review for error apparent is the appropriate remedy in this case.

An injunction would have been an appropriate remedy, but apparently from the record in this case the appellant would have been unable to make the sizeable injunction bond requirable. If a motion to quash the execution were filed and sustained, we would still have the decree of the court with this error, as the quashing of the execution would not affect the judgment on which it was issued, and the same error would remain apparent on the face of the decree.

This bill of review does more than go to a mere matters of procedure; it challenges actions of the court substantially affecting the rights and status of the appellant. The bill of review in this case is not one which seeks to review the propriety of the decree on the evidence, but seeks a decree for error apparent, and error is apparent on the face of the decree and the record, as demonstrated supra, in our judgment.

So, having arrived at the conclusion that the decree is erroneous on its face as to that provision authorizing a sale for installments yet to become due, it follows that the demurrer should have been overruled, and that the decree appealed from must be reversed and the cause remanded. We do not decide or intimate as to how far the original decree and its later modification shall be reopened and reconsidered, preferring that this shall first be worked out in the trial court in the light of what is said in such cases as Enochs v. Harrelson, 57 Miss. 465.

Reversed and remanded.