WILSON *v.* WILSON.

Oct. 27, 1952

No. 38503          5 Adv. S. 35          60 So. 2d 652

*Gordon & Gordon* and *Breed O. Mounger,* for appellant.

*B. D. Statham,* for appellee.

HOLMES, J.

The appellee filed her original bill against her husband, the appellant, in the Chancery Court of Amite County, seeking a divorce, the custody of the minor child of the parties, alimony and support for herself and child, counsel fees, and a decree adjudging her to be the owner of an undivided one-half interest in certain property described in the bill, consisting of 160 acres of land, household furniture and other personal property. The grounds for divorce, the award of the custody of the child, and of alimony and counsel fees were adequately alleged in the bill, and in addition thereto, the appellee alleged that by the combined efforts of herself and husband they had accumulated the real and personal property described in the bill, and that she was the owner of an undivided one-half interest therein, and that although the legal title to the property was in the appellant, the latter held her interest in trust for her use and benefit, and that she was entitled to a decree of the court so adjudging.

The appellant answered, denying the alleged grounds for divorce and for the award to appellee of the custody of the child and of alimony and counsel fees. He did not deny that the property had been accumulated by the joint efforts of himself and wife, nor did he challenge the power or propriety of the court to adjudicate appellee's interest in the property in this proceeding. He averred in his answer that he was the owner of the land, subject to certain encumbrances thereon, and that he had

transferred certain of the personal property to his father in consideration of the latter's assumption of the indebtedness thereon, and he denied that appellee was entitled to any interest in any of the property except the household furniture.

Oral and documentary evidence was introduced before the chancellor on the hearing of the cause, and the chancellor, pursuant to an order taking the case under advisement for a decree in vacation, rendered his decree on April 24, 1951, granting the divorce, awarding the custody of the child to appellee, awarding to appellee alimony for the support of herself and the child in the sum of $85.00 per month, payable in semi-monthly installments, awarding counsel fees in the sum of $200.00, payable in semi-monthly installments of $12.50 each, secured by a lien on appellant's interest in the land, and adjudging the appellee to be the owner of the household furniture and of an undivided one-half interest in the land, all subject to encumbrances shown to exist thereon.

No notice was given to the court reporter to transcribe the notes taken on the trial of the cause and on October 9, 1951, the appellant perfected an appeal to this Court without supersedeas by filing the required appeal bond. The appeal is, therefore, before this court for consideration without a transcript of the evidence and solely on the bill, answer, and decree of the chancellor.

The appellant on this appeal does not challenge the decree of the chancellor in so far as it grants the divorce, awards the custody of the child, and awards alimony and counsel fees. He contends that the decree is erroneous in that the court was without power to divest the appellant of the title to property which he owned and vest the same in appellee. The record does not support this contention. The fallacy of appellant's position is that the bill did not seek to divest the appellant of title to property which he owned but sought an adjudication of title in the appellee, and the decree so adjudicated. (Hn 1) The bill alleged that appellant and appellee accu-

mulated the property by their joint efforts, and that the appellee was the owner of an undivided one-half interest therein, and that although the legal title to the property was in the appellant, the latter held appellee's interest in trust for her benefit. The evidence introduced before the chancellor in support of these allegations is not before us since no transcript of the evidence is filed in this Court. The record, therefore, does not disclose the nature and extent of the contribution made by appellee to the accumulation of the property, whether in money, labor, or other thing of value, nor the circumstances of the transaction. The allegations of the bill if supported by the proof were sufficient to create a resulting trust in favor of appellee and to warrant the chancellor in adjudging that the appellee was the owner of an undivided one-half interest in the land and such of the personalty as was awarded to her. 54 Am. Jur., pages 152 and 153. (Hn 2) The decree recites that the chancellor heard the cause on bill and answer and oral and documentary evidence, and in the absence of the transcript of the evidence before us, we must presume that the evidence before the chancellor supported the allegations of the bill. The effect of the decree was not to divest the appellant of title to property which he owned but to adjudicate title thereto in the appellee. The power or propriety of the court to make this adjudication was not questioned. The bill alleged that appellee was the owner of an undivided one-half interest in the property and alleged the circumstances under which her title arose. The answer denied that she had any interest in the property except the household furniture. Appellant, therefore, by his answer presented the issue as to the ownership of the property without questioning or challenging the power or propriety of the court to adjudicate this issue. A like situation was presented in the case of Griffin v. Griffin, 207 Miss. 500, 42 So. 2d 720, wherein the chancellor in a divorce action decreed the husband and wife each to own

an undivided one-half interest in land, and wherein the court said:

"The chancellor decreed that the husband and wife each owned a one-half undivided interest in the 236 acres of land. Appellant says the proof does not justify the finding that the wife had title to any interest in the land. It will be noted appellant does not challenge the power or propriety of the chancellor to adjudicate this question in this proceeding. No contention is made that the bill was multifarious. Indeed, the bill charged that each owned a one-half undivided interest and the answer denied the wife had title to any interest in the land. Defendant, by his answer, presented the issue to the court. Even on this appeal the power or propriety of the chancellor to adjudicate ownership of the land, as between the parties hereto, is not challenged. The contention alone is made that the evidence is insufficient to support the finding. We deal with the case as made and the contention urged."

In the case at bar, the chancellor decided the issue as presented and in the absence of a transcript of the evidence, we cannot say that his determination of the issue was wrong. In the case of State Highway Department v. Meador, 184 Miss. 381, 146 So. 642, the Court held that where a bill of exceptions setting forth the evidence was stricken and the reviewing court could not determine whether the granting or refusing of instructions was prejudicial in the absence of the evidence, the judgment would be affirmed.

Appellant, in support of his contention, relies largely upon the case of McCraney v. McCraney, 208 Miss. 105, 43 So. 2d 872, wherein the Court awarded to the wife "by way of alimony" the fee simple title to certain property standing in the name of the husband, and provided that the decree operate as a conveyance to her of the fee simple title to the property. In reviewing the case, this Court said: "We know of no authority for a court to divest the husband of the title to his property and to

vest the title in the wife by judicial fiat or decree.'' The court held further that in a proper case the court may award alimony in a lump sum or in installments and fix a lien on the husband's property to secure the same. We do not find this case applicable. In the case at bar, the appellee did not seek an award of the property as alimony. She sought the adjudication of her claimed interest in the property and it was that which the court adjudicated. The recent case of Chrismond v. Chrismond, 52 So. 2d 624, cited by the appellant, likewise has no application. That case dealt with an invalid marriage and the right of the wife to an equitable division of the property accumulated by the joint efforts of herself and husband where she entered into the marriage in good faith and it turned out to be void. A like question is not here involved.

It follows from what we have heretofore said that we hold as untenable the further contentions of appellant that the decree of the chancellor was not supported by any allegations of fact in the bill and that no muniment of title was pleaded, and that the relief granted extended beyond the nature of the action and was not supported by the pleadings.

We are accordingly of the opinion that the decree of the court below should be and it is affirmed.

(Hn 3) The motion of appellee for the allowance to her of a solicitor's fee for services rendered to her on this appeal by her solicitor of record is hereby sustained and the amount thereof is hereby fixed at $100.00, payable to appellee for the benefit of her solicitor in installments of $50.00 within thirty days from the date of the entry of the judgment on this appeal, and $50.00 within sixty days from the date of such entry.

Affirmed, and motion for solicitor's fee sustained.

*Roberds, P. J.,* and *Alexander, Hall,* and *Kyle, JJ.,* concur.