## GATES *v.* GATES.

Nov. 3, 1952

No. 38514          6 Adv. S. 13          60 So. 2d 778

*A. K. Edwards,* for appellant.

*J. B. Sykes,* for appellee.

HOLMES, J.

Appellee brought suit against the appellant for a divorce, the custody of her two minor children, alimony and support for herself and children, and counsel fees. She likewise sought by her suit under adequate allegations contained in her bill of complaint to have the court decree a lien to exist upon the property of the appellant

to secure the payment of alimony awarded, and to fix and adjudicate her interest in certain real and personal property described in the bill and alleged to have been accumulated through the joint efforts and means of herself and the appellant. The appellant answered, denying the material allegations of the bill and the right of the appellee to the relief sought. The proof was conflicting on the issues presented by the bill and answer, and the chancellor found the facts in favor of the appellee and entered a decree granting the divorce, awarding the custody of the children to appellee, with the right of visitation in the appellant, awarding alimony and support for appellee and her children in the sum of $150.00 per month, and fixing a lien on appellant's property to secure the payment of the same, and adjudging the appellee to be the owner of certain personal property and of an interest to the extent of $2,100.00 in the real property which had constituted the homestead of the parties.

The appellant prosecutes this appeal, contending (1) that the proof is insufficient to establish the alleged grounds of divorce, and (2) that the court erred in adjudging the appellee to be the owner of an interest in the homestead, and (3) that the court erred in fixing a lien on the property of the appellant to secure the payment of monthly installments of alimony which were to become due in the future, and (4) that the lien so fixed to secure the payment of alimony was not sought by the pleadings nor the necessity thereof shown by the evidence.

We are unable to bring ourselves in accord with these contentions of the appellant. The chancellor, on conflicting evidence, found that the alleged grounds of divorce were established. His finding is amply supported by the evidence and we are therefore not warranted in disturbing it.

In support of appellant's contention that the chancellor was in error in adjudging the appellee to be the owner of an interest in the homestead, he relies upon the case of

Hemphill v. Hemphill, 197 Miss. 783, 20 So. 2d 79. The Hemphill case dealt with a decree which required the sale of an automobile to satisfy a lien for money which the wife had paid thereon and directed the proceeds of such sale arbitrarily to be equally divided between the husband and wife. There was no proof of the amount contributed by each to the purchase of the automobile and the court held that to decree a sale and equal division of the proceeds under such circumstances was irregular and unauthorized. We are presented with a different state of facts in the case at bar. **(Hn 1)** Here the proof is ample to support the finding and decree of the chancellor as to the extent of appellee's contribution to the acquisition of the homestead and the extent of her interest as adjudged therein. In the very recent case of Wilson v. Wilson, No. 38503, decided on October 27, 1952, this court upheld under an analogous state of facts a decree of the chancellor adjudging the wife to be the owner of an interest in real property where the proof showed that the property was acquired by the joint efforts of the husband and wife, and showed the extent of the contribution by the wife, and where the right and propriety of the court to make such adjudication in such proceeding was not questioned as is the case here. In the Wilson case, supra, we distinguished the case of McCraney v. McCraney, 208 Miss. 105, 43 So. 2d 872, cited by appellant, by pointing out that in the McCraney case the court awarded by way of alimony the fee simple title to certain property of the husband, which was held by the court to be unauthorized, whereas in the Wilson case, supra, the wife sought the adjudication of her claimed interest in the property and not an award of the property by way of alimony. We think the evidence in the case at bar amply supports the finding of the chancellor that the homestead was acquired by the joint efforts and means of the parties, as well as the extent of the appellee's contribution thereto and her interest as adjudged therein.

**(Hn 2)** Appellant further challenges the correctness of the decree of the chancellor upon the ground that it fixes a lien upon his property to secure the payment of monthly installments of alimony to become due in the future. In the case of McCraney v. McCraney, supra, the court said: "In a proper case the court could have awarded alimony payable in a lump sum or in monthly installments, dependent upon the circumstances of the parties, and could have fixed a lien for the payment thereof against the property of the husband with the right on his part to discharge such lien and retain his property, or the court could have ordered the property sold under execution after default in the payment of the alimony under a decree fixing the same in some definite amount in a lump sum or in monthly installments."

Appellant, however, relies to support his contention upon the cases of Harris v. Worsham, 164 Miss. 75, 143 So. 851, and Todd v. Todd, 197 Miss. 819, 20 So. 2d 827. We do not find these cases applicable. In the case of Harris v. Worsham, supra, the wife was awarded a decree for alimony payable in monthly installments. The decree did not fix a lien on the property of the husband to secure the payments, but nevertheless it was contended that the decree, when enrolled under the provisions of Sections 453 and 611, Code of 1930 (Sections 1373 and 1555, Code of 1942), became a general lien on the property of the husband. The court in that case held that the monthly installments did not become a present debt due by the husband until default in the payment thereof, and that the general lien under the statutes did not arise as to the installments not in default. In the case of Todd v. Todd, supra, the court held erroneous a decree awarding alimony in monthly installments and fixing a lien on all of the property of the husband and authorizing a sale thereof and the application of the proceeds to installments in arrears, and the impounding of the residue to secure and enforce the payment of future installments

to become due. The distinction between these cases and the case at bar is clearly discernible. The decree under review awarded alimony in monthly installments and fixed a lien upon the property of the husband to secure the payment of the same as was held proper in the case of McCraney v. McCraney, supra. The lien is effective to secure the payment of the installments as they become due. No question is here involved as to the application of the lien to installments not in default.

Appellant further contends that the decree of the court below is erroneous because the lien fixed to secure the payment of the alimony was not sought by the pleadings nor the necessity thereof shown by the evidence. The record does not support this contention. Appellee's bill of complaint sought the lien and the chancellor found on ample evidence the necessity therefor. We have held in the case of Moseley v. Larson, 86 Miss. 288, 38 So. 234, that a decree for alimony might be made a lien upon the homestead if ordered by the court in its judgment awarding the alimony.

It follows from the foregoing views that the decree of the court below should be and it is affirmed.

Affirmed.

*Roberds, P. J.,* and *Alexander, Hall,* and *Arrington, JJ.,* concur.