MITCHELL *v.* MITCHELL.

June 8, 1953

No. 38607 34 Adv. S. 136 65 So. 2d 265

38

*Gordon & Gordon,* Liberty, for appellant.

*E. H. Ratcliff,* Natchez, for appellee.

LOTTERHOS, J.

The proceedings below originated on a bill for divorce filed by appellee. Appellant answered and filed his cross-

bill, asking for a divorce from appellee. Each party prayed for custody of the only child of the marriage. By the final decree the chancellor denied appellee's prayer for a divorce, granted appellant's prayer for divorce on one of the two grounds of divorce which he had alleged in the cross-bill, and awarded to appellee custody of the child "for the present time because of said child's very tender years." The court then made provision for payment of monthly support money for the child by appellant, granted to appellant the right to visit the child at all reasonable times, and expressly retained complete jurisdiction over the parties and subject matter "in order that further orders may be given herein relative to custody and support of said child, Ronnie Mitchell, if and when such orders are necessary and proper." Appellant, the father of the child, has appealed to this Court, assigning as the only ground of error the awarding of the custody of the child to appellee.

We have reviewed the record in this case, which contains a considerable amount of evidence bearing on the fitness of appellee to have custody of the child and on the question of what will be for the best interest of the child. It is sufficient to comment that the record contains many points of testimony which strongly indicate that the best interest of the child will be served by allowing the father, the appellant, to have its custody, but that appellee has denied generally the charges of misconduct made against her.

In this situation we cannot say that the court below was manifestly wrong in granting temporary custody of the child to appellee, his mother. At the time of the trial, the child was approximately nineteen months of age, and appears to be nearly three years old at the present time. It seems clear that the chancellor, in granting temporary custody to the mother "because of said child's very tender years" and in expressly retaining jurisdiction for further orders relative to custody, was

not undertaking to make a finding and adjudication with respect to the matter of permanent custody, but was giving effect to the rule noted in Winfield v. Winfield, 203 Miss. 391, 35 So. 2d 443, that regardless of the misconduct of a mother she should ordinarily have temporary custody of "an infant so young as not to permit separation from its mother." Referring to the same rule, the Court has, in Boswell v. Pope, 213 Miss. 31, 56 So. 2d 1, quoted with approval from Amis, Divorce and Separation in Mississippi, Sec. 219, p. 296, as follows: "In all cases where any child is of such tender age as to require the mother's care for its physical welfare it should be awarded to her custody, at least until it reaches the age and maturity where it can be equally well cared for by other persons."

 In her brief appellee requests an allowance of $50.00 as a fee for her attorney for services in this Court. Regardless of what the general rule may be with respect to the allowance of attorneys' fees in such cases, we decline to grant the request here, because of the following circumstances. Appellant's brief was filed November 4, 1952; a copy was duly mailed to appellee's attorney, as shown by certificate thereon; the cause was submitted to this Court, without benefit of a brief for appellee, on May 4, 1953; and thereafter the attorney for appellee requested leave to file a brief out of time. Although the Court saw fit to permit the brief to be filed, it is not deemed appropriate that an allowance of an attorney's fee therefor be made.

The decree granting temporary custody of the minor child to appellee will be affirmed and the case remanded.

Affirmed and remanded.

*Roberds, P. J.,* and *Kyle, Holmes* and *Ethridge, JJ.,* concur.