BROWN *v.* BROWN.

No. 41201          June 8, 1959          112 So. 2d 556

*Tighe & Tighe*, Jackson, for appellant.

*Carl Bostic,* Jackson, for appellee.

ETHRIDGE, J.

The Chancery Court of the First Judicial District of Hinds County denied appellant, Mrs. Helen Gant Brown, a divorce from her husband, Jake N. Brown, defendant-appellee. We affirm that action, and also the denial of separate maintenance. However, we have concluded that the trial court must be reversed on its award of custody of their little girl to the husband, and on its failure to adjudicate a division of the separate properties of the husband and wife.

The child, Helen Carol Brown, was born on January 1, 1955. At the time of the chancery hearing, September 1958, she was three years and eight months of age, now four and one-half years old. Both of the parents work, Mrs. Brown in a super-market and Mr. Brown as a painter. The mother works only in the daytime, and can be at home for breakfast and supper with Carol and at night and on weekends. The father works a good bit at night, and when he does he sleeps during the day. He is often away from home on weekends, while hunting and fishing. Appellee's mother, who is sixty-five years of age and has not cared for a young child in over two decades, testified that she would stay at his house and take care of the little girl for her son when he was away.

This couple purchased a nice home in Jackson and lived in it for several years, until Mrs. Brown left the defendant, for reasons which the chancellor found were

mere incompatibility and faults of both, not the statutory ground for divorce, habitual cruel and inhuman treatment. Since then, complainant has been living with her mother and father in their home in Flowood. It is not modern and commodious or as nice as the couple's home in Jackson, in which the husband is now living with Carol.

The chancellor attached some importance to the fact that Carol could live with her father in the home to which she had become accustomed. He also observed that appellant's mother would look after Carol while appellant was working, and her home was not a "suitable home", because it was somewhat crowded. So the trial court awarded custody to the father, with visitation rights in the mother.

The record reflects that, although the home of appellant's parents is relatively small, it is clean and comfortable, and appellant and her child would have a private bedroom. There is no evidence in the record indicating that appellant has abandoned or neglected her little girl, or that she is unfit in any way for her custody. On the contrary, appellee admits that his wife loves the child and is a good mother, and does not charge her with neglecting Carol. Appellant is of good moral character, is devoted to the child, and is capable of caring for her. Carol is still of tender years, now about four and one-half years of age, and, as her mother testified, is accustomed to the personal comforts, cares and attentions of a mother, which can be given to a child of tender years only by the mother. On the other hand, appellee works during the daytime and often at night, and in the latter event, he sleeps during the daytime. He is away from home on other occasions hunting and fishing. So the effect of the trial court's decree is to deny custody of this little girl of tender years to the mother, who is qualified and who can be with her except when she is working, and in fact to give custody of Carol to appellee's mother.

58

■■ ■ The rule established by a long line of decisions was summarized in Boswell v. Pope, 213 Miss. 31, 37, 56 So. 2d 1 (1951): ''Neither father nor mother has any paramount right over the other concerning the custody of a minor, where such custody would not adversely affect the child's welfare. Code of 1942, Sec. 399. ■■■ The paramount consideration is the child's welfare. ■■ ■ And the chancery court has a broad discretion in determining that factual issue. Code Sec. 2743. But that discretion should be exercised in the light of an established rule of this and other courts in such cases. It is well stated in Amis, Divorce and Separation in Mississippi (1935), Sec. 219, page 296; 'In all cases where any child is of such tender age as to require the mother's care for its physical welfare it should be awarded to her custody, at least until it reaches that age and maturity where it can be equally well cared for by other persons.' * * * At the time of the hearing in the chancery court, Janie was only 2 years and 4 months, and at the present time she is only 3 years and 5 months of age. Unless appellee's evidence indicates otherwise, this little baby girl should during her early years have the benefit of her mother's full-time, personal care. This is particularly evident where the child is a girl.''

In Kennedy v. Kennedy, 222 Miss. 469, 76 So. 2d 375 (1954), the mother was denied a divorce, and the trial court alternated custody of their four-year old son between the mother and father. The mother worked and lived with her mother. This Court affirmed the denial of a divorce, but reversed the award of custody and entered a decree awarding custody of the child to his mother. The opinion stated: ''It has long been the rule in this state that the custody of a child of young and tender age should be awarded to the mother where she is living and competent to care for the child.'' Mitchell v. Mitchell, 218 Miss. 37, 65 So. 2d 265 (1958), awarded custody of a three-year old boy to the mother, although

the father was granted a divorce. It followed Boswell v. Pope. To the same effect are Scott v. Scott, 219 Miss. 614, 631, 69 So. 2d 489 (1954); Thames v. Thames, 100 So. 2d 868 (Miss. 1958); Miles v. Miles, 111 Miss. 110, 71 So. 295 (1916); Johns v. Johns, 57 Miss. 530 (1879); Cocke v. Hannum, 39 Miss. 423 (1860); Bunkley and Morse, Amis Divorce and Separation in Mississippi (1957), Section 8.05.

The present facts must be appraised in the light of the child's welfare and the established rule stated in *Boswell*. We think it is clearly to the best interest of the child for the mother, appellant, to have Carol's custody during these, her early years. Hence the decree of the chancery court is reversed in part, and judgment is entered here awarding custody of Helen Carol Brown, daughter of the litigants, to the appellant. The cause is remanded to the chancery court to determine reasonable rights of visitation by the father with his daughter, and to determine and require the father to pay a reasonable amount for the support and maintenance of the child. Of course this judgment is subject to the right of the chancellor to make proper changes in the custody in the event of changed conditions affecting the welfare and best interest of the child.

The chancery court also erred in failing to render any decision with reference to appellant's request for an adjudication of the ownership of the properties of complainant and defendant, which consisted in part of a house and lot, household furnishings, appliances and two automobiles. The decree was silent on this issue. Both appellant and appellee worked during their married life. They maintained a joint bank account, from which all expenses were paid and into which both of them deposited a substantial part of their earnings. Appellant contends that the properties were purchased with both her own individual earnings and those of her husband, and therefore she is entitled to a division of such prop-

erty. ██ █ The trial court had jurisdiction to decree a division of the property which had been jointly accumulated by the parties, and to award to appellant that owned by her. Chrismond v. Chrismond, 211 Miss. 746, 52 So. 2d 624, Cert. Denied, 342 U. S. 878, 72 S. Ct. 167, 96 L. Ed. 659 (1951); Wilson v. Wilson, 215 Miss. 273, 60 So. 2d 652 (1952); Duvall v. Duvall, 224 Miss. 546, 80 So. 2d 752 (1955); Griffin v. Griffin, 207 Miss. 500, 42 So. 2d 720, 19 A. L. R. 2d 1423 (1949); Gates v. Gates, 215 Miss. 298, 60 So. 2d 778 (1952). The decree of the chancery court is reversed insofar as it failed to adjudicate as to the division of the respective properties of the litigants, and the cause is remanded for a hearing and a determination of the facts and application of the law on that issue.

In brief, the decree is affirmed insofar as it denied a divorce and separate maintenance. It is reversed on the custody issue, and judgment is rendered here awarding custody of the child to appellant; and the cause is remanded for determination of reasonable support and maintenance to be paid by appellee for the child and of visitation by appellee. The decree is also reversed insofar as it failed to adjudicate the facts and render a decision as to the division of the property, and remanded for that purpose. Costs are assessed against appellee.

Affirmed in part, reversed in part and judgment rendered here, and remanded.

*McGehee, C. J.,* and *Hall, Lee* and *Arrington, JJ.,* concur.