GRACE *v.* CUMMINGS

No. 43666　　　　November 15, 1965　　　　179 So. 2d 836

*Fountain D. Dawson,* Greenville; *Crisler, Crisler & Bowling,* Jackson, for appellant.

*Willard L. McIlwain,* Greenville, for appellee.

LEE, C. J.

Mrs. Doris Hearn Cummings filed her original bill against Clyde Cummings on May 28, 1962, for the purpose of obtaining a divorce, based on habitual cruel and inhuman treatment, and custody of the four children, together with support for them. Shortly thereafter, on June 8, 1962, the court, on motion of Mrs. Cummings, voluntarily surrendered the custody of the children to the father. The final decree of the court on July 3, 1962, awarded Mrs. Cummings a divorce, but left the custody of the children with the father.

On September 4, 1964, Mrs. Doris Hearn Cummings, now Mrs. Doris Grace, filed her petition to modify the

former decree and change the custody of the children from their father to their mother. After a full hearing on September 18, 1964, the chancellor dismissed the proceedings for the change, and left the custody with the father.

Mrs. Grace, from the decree, appealed.

The evidence, adduced by the parties, consisted largely of criminations and recriminations against each other, those for the mother going largely to the charge that the father was a drinking and doping man and did not properly provide for the care and education of the children. On the contrary, the evidence for the father negatived those charges, saying that they were untrue, and that the mother was not a satisfactory person to have the custody.

It was admitted that the mother and her present husband both worked regularly from the late afternoon until nearly midnight.

The evidence for the father was to the effect that, while he worked regularly in the day time, he was at home with the children at night, and that he returned to the home shortly after the children came from school; that the father and these children lived in the home of his sister and her husband; that it was a seven room house; and that the children were properly bathed each night. This aunt and uncle both testified that they loved the children, would be glad to have them in their home, and they promised that they would do everything they could for the needs and welfare of the children. There was also some proof that the father manifested interest in the religious training of the children through church attendance. The son, the oldest child, has lived with the maternal grandfather most of his life, and there is no issue about his custody.

It has been obvious, from a study of this record, that the learned chancellor was faced with a difficult problem. From an objective consideration of the

whole record, the Court is unable to say that the award of custody to the father was not justified by the evidence or that the chancellor was manifestly wrong. The chancery court is vested with great power, as regards the custody of the children. ██ ██ Its orders are temporary in character, and may be changed when conditions develop and warrant such course.

██ ██ Under all of the circumstances, this Court is unwilling to disturb the solemn finding in this instance in view of the fact that the chancellor saw and heard the witnesses, viewed their demeanor, and was in position to determine their veracity. Consequently it does not feel impelled to upset this judgment as to the best interest of the children under the existing circumstances.

The decree is affirmed.

Affirmed.

*Rogers. Patterson. Inzer and Smith. JJ..* concur.