208 So.2d 573 (1968)
Copeland Lavelle ANDERSON
v.
Alma Jewell Anderson WATKINS.
No. 44830.
Supreme Court of Mississippi.
March 25, 1968.
R.L. Ridley, Laurel, Barnett, Montgomery, McClintock & Cunningham, Jackson, for appellant.
Warner Beard, Jr., Dillard & Holifield, Laurel, for appellee.
RODGERS, Justice.
Copeland Lavelle Anderson filed suit for divorce against his wife, Mrs. Alma Jewell Anderson, in which he alleged that he was entitled to a divorce and custody of their two minor boys. The defendant, Mrs. Alma Jewell Anderson answered denying the charge, and made her answer a cross bill in which she sought custody of the two boys, the use of their home, and alimony. A temporary agreement was reached as to the custody of the children, use of the home, and support for the children. A divorce was granted the appellant on April 20, 1966, but the decree was not recorded until April 25, 1966, after the court had adjourned. A nunc pro tunc order was entered in vacation in compliance with section 1670, Mississippi Code 1942 Annotated (1956) correcting this error.
The appellee filed a petition to modify the original decree as to the custody of the *574 children, and on September 15, 1966, the court entered an order modifying the original decree. The chancellor pointed out in the order that "the parties had reached a mutual agreement in said matter" with reference to the custody of the children. Mrs. Anderson remarried on November 11, 1966.
Finally the appellant filed a petition asking the court to modify the last decree as to the custody of the children upon the ground that his former wife had not carried out the order of the court. He alleged that the children were not being kept in the home of appellee's parents, and further that appellee had failed to make a quitclaim deed to appellant to certain property located in Jasper County, Mississippi. He alleged that his wife had taken certain household goods belonging to appellant and also a pickup truck. No answer was filed to this petition, but when all the testimony with reference to the care and custody of the children and evidence as to the personal property had been introduced, the appellee's attorney made a motion requesting affirmative relief as follows: (1) that the court grant permanent custody of the children to appellee; (2) that the appellant be required to pay reasonable support for the children; (3) that the appellee be given the pickup truck; (4) that the household goods be divided; and (5) that the home of the parties be sold and the proceeds divided.
Testimony was introduced by the appellant showing beyond any question that he was a suitable person to have the care and custody of his children. On the other hand, there is also ample evidence to show that the appellee is now remarried to a man who is good to the children, and that she and her husband are suitable persons to have the care and custody of the minor children involved in this litigation.
The chancellor entered a decree in which Mrs. Alma Jewell Anderson Watkins was awarded the permanent custody of the children, and the appellant was given visitation rights. We cannot say from the evidence in this record that the chancellor was manifestly wrong in the determination of the child custody issue.
The appellant vigorously contends, however, that the previous decisions of this court have uniformly held that the parent who is guilty of infidelity is not entitled to custody of the children of the parties. We agree with this general statement that this has been the holding of this Court. Winfield v. Winfield, 203 Miss. 391, 35 So.2d 443 (1948); Keyes v. Keyes, 252 Miss. 138, 171 So.2d 489 (1965); Hulett v. Hulett, 152 Miss. 476, 119 So. 581 (1929); Cox v. Cox, 183 So.2d 921 (Miss. 1966); Duncan v. Duncan, 119 Miss. 271, 80 So. 697 (1919); Mitchell v. Mitchell, 218 Miss. 37, 65 So.2d 265 (1953).
There are, of course, exceptions to this rule. One well known exception is where the children are of tender years of age and it is clearly to the best interest of the children to remain with their mother on a temporary basis. Schneegass v. Schneegass, 194 So.2d 214 (Miss. 1966); Amis, Divorce and Separation in Mississippi § 214 (1935); 17A Am.Jur. Divorce and Separation § 820 (1957).
In the instant case, however, the appellant agreed from time to time that it would be to the best interest of the children to be placed in the care and custody of their mother, and this agreement was embodied in the temporary order of November 15, 1965. This agreement was also shown in the divorce decree dated April 20, 1966, and in the order of September 1966. No appeal was taken from the divorce decree or from the decree to modify the divorce decree with reference to custody of the children.
The appellant cannot now successfully contend that the chancellor was in error in permitting the mother to have the custody of the children upon the ground that the divorce decree was granted the husband upon the ground of adultery. Legg v. Legg, 251 Miss. 12, 168 So.2d 58 (1964). Since all the orders prior to the final order *575 with reference to the custody of the children were consented to by the parties, neither of the parties can appeal from these orders. See Miss.Code 1942 Ann. § 1147 (1956); Bunkley and Morse, Amis on Divorce and Separation in Mississippi § 16.09 (1957).
All orders of the chancery court with reference to care and custody of children are temporary orders and may be changed when conditions develop which warrant a change. Miss.Code 1942 Ann. § 2743 (1956); Miss.Code 1942 Ann. § 1263.5 (Supp. 1966); Grace v. Cummings, 253 Miss. 794, 179 So.2d 836 (1965); Hodge v. Hodge, 186 So.2d 748 (Miss. 1966). The fact that a mother was not originally given custody of her children in divorce proceedings because of infidelity to her husband does not mean that she will forever be barred from having their custody, because in the future the situation may change and it may be to the best interest of the children to live with their mother.
The testimony is conflicting, but it now appears that the mother of the children, appellee here, is a suitable person to have the custody of their minor children, and we cannot say that the chancellor was manifestly wrong in holding that it was to their best interest to be in the care and custody of their mother.
We find no error in the order of the chancery court in directing that the former home of the parties be sold for a division of the proceeds. The title to this property is owned jointly, and although property of one spouse cannot be decreed to be the property of another spouse (Cox v. Cox, 183 So.2d 921 (Miss. 1966)), nevertheless, the Court has held that the chancery court has jurisdiction to settle property rights between the parties in a divorce proceeding. Oberlin v. Oberlin, 201 Miss. 228, 29 So.2d 82 (1947); Wilson v. Wilson, 215 Miss. 273, 60 So.2d 652 (1952); Griffin v. Griffin, 207 Miss. 500, 42 So.2d 720, 19 A.L.R.2d 1423 (1949); 24 Am.Jur.2d Divorce and Separation § 925 (1966).
The case of Hoffman v. Hoffman, 213 Miss. 9, 56 So.2d 58 (1952), is not in conflict with the right of the chancery court to partite real property owned jointly by the parties as tenants in common. This Court pointed out in that case that a partition of real estate belonging to the parties "should be fixed when the matter of a partition is adjudicated." The title, in the instant case, is vested in the parties as tenants in common. The chancellor is not required to determine their respective interests in the real property, since each owns a one-half interest in it, and the chancellor was correct in so holding.
We find no reversible errors in the record in this case, and for that reason the decree of the chancery court is affirmed and the case is remanded to the trial court for further partition proceedings.
Affirmed and remanded for further proceedings.
GILLESPIE, P.J., and JONES, BRADY and SMITH, JJ., concur.