284 So.2d 299 (1973)
Thomas Henry HUDSON
v.
Grace Brown HUDSON.
No. 47239.
Supreme Court of Mississippi.
October 22, 1973.
W.E. Gore, Jr., L. Breland Hilburn, Jackson, for appellant.
Tighe & Tighe, Jackson, for appellee.
ROBERTSON, Justice:
The Chancery Court of the First Judicial District of Hinds County, Mississippi, granted a complete and absolute divorce to Grace Brown Hudson from Thomas Henry Hudson. The complainant was also awarded the permanent care and custody of the four minor children of the marriage, $200.00 per month alimony and $220.00 per month for the support and maintenance of the minor children.
The complainant was also awarded the exclusive use and possession of the home, and all furniture and household equipment. She was awarded the use and possession of a 1962 Chevrolet automobile and $750.00 for her attorney in the lower court.
We affirm all of these grants and awards.
The final decree also contained this language:
"6. That complainant be and she is hereby ordered and directed to make the installment payments on the first mortgage indebtedness on the home at 420 Meadow Moss Road, Jackson, Mississippi out of the monies received by her from defendant, as and when the same become due, and to thereby hereafter acquire additional equity for complainant in the property there situated." (Emphasis added).
We are in doubt as to what the Chancellor meant by the language: "[A]nd to thereby hereafter acquire additional equity for complainant in the property there situated." He recognized that he could not divest title out of one party and convey it to *300 another when he said in his bench opinion: "The Court cannot, of course, change the title to the farm or the house or any of the other property ..."
However, the language of the decree: "[A]nd to thereby hereafter acquire additional equity for complainant in the property there situated," comes close to being an attempt by judicial fiat or decree to divest an additional fractional title out of Mr. Hudson and to convey it to Mrs. Hudson. This the court cannot do.
In McCraney v. McCraney, 208 Miss. 105, 43 So.2d 872 (1950), we said:
"[W]e know of no authority for a court to divest the husband of the title to his property and to vest the title in the wife by judicial fiat or decree. In a proper case the court could have awarded alimony payable in a lump sum or in monthly installments, dependent upon the circumstances of the parties, and could have fixed a lien for the payment thereof against the property of the husband with the right on his part to discharge such lien and retain his property, or the court could have ordered the property sold under execution after default in the payment of the alimony under a decree fixing the same in some definite amount in a lump sum or in monthly installments." 208 Miss. at 107-108, 43 So.2d at 873.
We subsequently followed the same line of reasoning in Jones v. Jones, 234 Miss. 461, 106 So.2d 134 (1958), and Rosamond v. Rosamond, 250 Miss. 742, 168 So.2d 294 (1964).
It is necessary for us to remand this case to the Chancery Court for a clarification of the language of the decree as to "hereafter acquiring additional equity in the home." Probably the court will not need to take additional testimony. The Chancellor might consider the feasibility of increasing the monthly alimony, if the facts so justify, so that Mrs. Hudson could continue to make the monthly installment payment on the first mortgage without disturbing or clouding the legal title to the home.
The motion of the appellee for allowance of an attorney's fee for representation in this Court is sustained, and in line with our usual custom the attorney's fee will be one-half of the attorney's fee allowed in the lower court, namely, $375.00.
Affirmed but remanded for clarification of decree as to title to the home property.
RODGERS, P.J., and SMITH, WALKER and BROOM, JJ., concur.