JONES *v.* JONES

No. 40896 November 3, 1958 106 So. 2d 135

*Ethridge, Minniece & Bourdeaux,* Meridian, for appellant.

*Shumate & Eppes,* Meridian, for appellee.

McGᴇʜᴇᴇ, C. J.

The parties to this litigation were married more than a score of years ago and are the parents of one grown and married son and another son who is approximately eighteen years of age and a recent honor graduate from a high school in Meridian, Mississippi. The appellee, Mrs. Lois M. Jones, sued the appellant, Frank Jones, for a divorce, alimony for the support of herself and her

younger son, custody of the younger son during the remainder of his minority, and attorney's fees.

She sought the divorce on the ground of habitual, cruel and inhuman treatment. Numerous witnesses testified for each of the parties to the suit. The proof consists of crimination and recrimination, and there have been two or more separations and reconciliations. After the last reconciliation the parties lived together for a period of only three days when they separated on account of the alleged visit of the appellant during the nighttime in the home of another woman which resulted in the appellee excluding the appellant from the home after he had assaulted and beaten her.

██ ██ There was no direct proof, except for hearsay, that the appellant had in fact been to the home of the other woman on the night before the final separation, but there was testimony on the part of the two sons, upon which the chancellor based his finding, that the appellant had admitted to them that he had been doing their mother wrong by his association with this woman and others. The trial court found on conflicting testimony that the appellant had been guilty of habitual, cruel and inhuman treatment toward the appellee, and that she was entitled to a divorce. The defense was that the final separation did not result from habitual, cruel and inhuman treatment on the part of the husband, but we are of the opinion that the record discloses that the chancellor was warranted in believing that the appellant had been guilty of habitual, cruel and inhuman treatment of the appellee, and that the reconciliations amounted to a condonement of past wrongdoing on the assumption that the conduct complained of would not be repeated. We would therefore affirm the decree of the chancellor in awarding the appellee a divorce and the custody of Donald Jones, the eighteen year old son.

The trial court determined at the trial of the cause on its merits in June 1957 that the complainant Mrs.

Jones was entitled to alimony in the sum of $100 per month, the exclusive occupancy of the residence, and to have the defendant pay the monthly installments of $32.64 under a mortgage on the residence, and that Donald Jones should be paid by his father the sum of $75 per month during his minority. We are further of the opinion that the proof disclosed that the appellant was able to comply with this decree.

However, the chancellor held that before fixing these amounts as a permanent requirement he would conduct a further hearing later to determine what amount of money could be derived from a selective cutting of timber owned by the husband and wife jointly. This further hearing was held in August 1957, when proof was taken to the effect that by thinning out the timber and cutting and removing the same of certain sizes the wife would obtain a sufficient income therefrom to justify the court in reducing the allowance of alimony to the wife from $100 to the sum of $30 per month. Pursuant to his findings in that behalf, he rendered a decree in August 1957 reducing the alimony of $100 previously allowed to the sum of $30 per month, and ordered and decreed that the husband should join the wife in the execution of a conveyance of the timber jointly owned by them, so as to enable his wife to receive the entire proceeds from such sale. We are of the opinion that the chancellor was without authority to require the appellant to join his wife in the execution of a deed so as to convey his one-half interest in the timber to anyone. He could only consider what income she would receive, and what means he would have, for supporting and maintaining her, and he should have left it to the determination of the husband as to how he would raise the funds with which he would meet the payments of alimony.

Upon the further hearing it developed as a matter of fact that the appellant had already sold and conveyed his one-half interest in the timber and had

taken a note and deed of trust in the sum of $5,000 as a purchase price therefor. The requirement therefore that the appellant should join his wife in the execution of a deed to the timber at such time as she may request him to do so has become a moot question, since, according to the proof, he had already sold and conveyed his one-half interest therein.

The record discloses that a supersedeas bond was executed in the sum of $1,500 in connection with this appeal. We are therefore of the opinion that the appellee is entitled to recover against the appellant and his sureties on the supersedeas bond the amount of alimony which had been allowed prior to the rendition of the second decree, the $30 per month pending the appeal, and that the cause should be reversed and remanded in order that the trial court may now determine from the proof what amount of alimony the wife is entitled to, taking into consideration the present ability of the defendant to pay, that is to say, that he should determine the total amount of alimony that should be allowed, including the $30 per month which he finds proper since the date of the second decree, and adjudicate the amount of alimony that should be allowed since the rendition of the said second decree and in the future.

Therefore the decree of the trial court will be affirmed as to the allowance of the divorce to the appellee, the allowance of alimony up to the date of the second decree, the allowance of the son Donald Jones in the sum of $75 per month, the exclusive occupancy by the wife of the residence on which the monthly payments are to be made by the husband, and the disallowance by the court of an attorney's fees to the wife, since she was shown to have a separate estate such as enables her to pay her attorney for his services. But the second decree is reversed insofar as it undertakes to direct and order the husband to sell his interest in any timber that he may own jointly with his wife. Cf. McCraney v. McCraney, 208 Miss.

105, 43 So. 2d 872; Chrismond v. Chrismond, 211 Miss. 746, 52 So. 2d 624; Windham v. Windham, 218 Miss. 547, 67 So. 2d 467; Bunkley & Morse's Amis, Divorce and Separation in Mississippi, Sec. 6.06, 2nd Par.

 The costs incurred by this appeal are assessed one-half against the appellant and one-half against the appelleee.

Affirmed in part, reversed in part, and remanded.

*Kyle, Arrington, Ethridge* and *Gillespie, JJ.*, concur.